RAINEY, APPELLANT, *v.* HARSHBARGER, D. B. A. ROLL-AWAY LANES, APPELLEE.

[Cite as Rainey v. Harshbarger, 7 Ohio App. 2d 260.]

(No. 642—Decided November 9, 1963.)

Mr. *Garver Oxley* and Mr. *Russell E. Rakestraw,* for appellant.

Messrs. *Betts & Betts,* for appellee.

GUERNSEY, J. The allegations of plaintiff's petition essential to this appeal are as follows:

"* * * that the defendant is the owner and operator of a bowling alley * * *.

"* * * that on the 28th day of February, 1960, at 7:30 o'clock p. m. she [plaintiff] entered upon the business premises of the defendant for the purpose of bowling and that at the time she entered said premises, it was cold and snowing and that the private sidewalks and entrances to the defendant's buildings were covered with a light snow. * * * that upon entering the building of the defendant, she told the defendant that it was snowing and that he had better clean his sidewalks.

"* * * that when she had completed her bowling that she proceeded to leave the premises * * * and that she walked out the door and down the aforesaid entrance ramp to the point where said ramp and sidewalk join; that at that point she turned to her left and slipped on ice on said walk which was covered with snow. That it was still snowing when plaintiff left the building and that there had been no cleaning or sweeping of the ramp or sidewalks from the time that she had entered upon defendant's premises. That, as she turned, she slipped on ice that was on said walk, and that as a result of this ice on the sidewalk, she fell to the sidewalk with great force and violence causing her to sustain as a result thereof * * * injuries * * *."

In his answer defendant, among other things, admits ownership and operation of the bowling alley; "that the weather was cold and snowing; and that the plaintiff at the time of her entrance to defendant's premises had knowledge of the snowy and icy condition of the sidewalks and entrances to said building as alleged in her petition." Defendant then alleges plaintiff's negligence under the circumstances.

In reply plaintiff denies her negligence and specifically denies "that she knew that said walk was icy under the snow."

On this state of the pleadings defendant moved for summary judgment and for judgment on the pleadings. In sup-

port of his former motion defendant filed and offered his deposition taken of plaintiff as upon cross-examination. No other depositions, affidavits, or interrogatories were filed by either party in support of or contra the motion for summary judgment. The following questions and answers in said deposition are pertinent to this appeal:

"Q. And what were the weather conditions at that time? A. It was snowing a little bit.

"* * *

"Q. And what was the temperature at that time? A. I don't know but it was getting colder at that time.

"Q. Was it freezing at that time? A. If I recollect right I believe it started to freeze a little bit at that time.

"* * *

"Q. Now what did you do when you arrived at the bowling alley? A. Well I got out of the car and started to go in the bowling alley * * * and as we was going in, there was snow on the sidewalk. As we went up the ramp there was a little snow on there and we went inside.

"Q. And then what did you do? A. Why I yelled at Hash, Mr. Harshbarger, and told him he'd better sweep his sidewalks. Now whether he heard me or not, I don't know, but I did yell at him and tell him. Of course we was always kidding out there and having fun, but I don't know whether he heard me or not.

"* * *

"Q. Now obviously you noticed this condition when you entered? A. I noticed the light snow, but no ice of any kind.

"Q. Now when you entered the building you were apprehensive that there was some condition of danger there, apparently, or you would not have warned the defendant; is this correct? A. Well I just figured that he should sweep it off so that there would be nobody fall and I was, that was just the way I felt about it. I just told him because I thought somebody might accidentally fall.

"Q. Well you recognized that that possibility existed when you entered the building, is that right?

"* * *

"A. Yes, because—

"* * *

"Q. And there was a light snow falling (when you left the

building) comparable, or about a like snow as when you went in? A. It was just a light snow.

"Q. And what do you say about the temperature at that time? A. Oh it was pretty chilly.

"Q. You say the temperature had fallen during that period of time? A. Yes I would say it had.

"Q. This was from 7:30 in the evening until what time was it when you left? A. Oh I imagine it was right around 9:00 or a little after, something like that.
"* * *

"Q. And isn't it possible that the walks could have been cleaned during the time you were in the building bowling? A. Oh I suppose they could have been.

"Q. And if the snow continued to fall it is also possible that there would have been snow on the walk, fall on the walk after it had been cleaned; is that not right? A. I imagine.
"* * *

"Q. Did you ask about another exit? A. No sir.
"* * *

"Q. How long have you been bowling there? A. I think I bowled there three years * * *."

The Common Pleas Court granted the motion for summary judgment and entered judgment in favor of the defendant. This is the judgment from which this appeal on questions of law is taken, the plaintiff, appellant herein, assigning error as follows:

"1. Error of law in that the court failed to find as a matter of law that there was a genuine issue as to material facts.

"2. That the court erred in not finding as a matter of law that the defenses of contributory negligence and assumption of the risk are affirmative defenses and are questions of fact not law.

"3. Error of law in determining, that as a legal conclusion, the negligence of the pleader contributed to her injury.

"4. Error of law in that the court did not find as a matter of law that the plea of contributory negligence admits the negligence of the pleader and presents a question of fact not law."

An examination of the memorandum decision filed by the lower court pursuant to which its journal entry of judgment was entered reveals the following language:

"It is apparent from the plaintiff's allegations that she knew of the existence of a condition which she considered dangerous; further they leave no doubt of the fact that she assumed the risk. * * *

"* * * The plaintiff has totally and wholly failed to plead a duty owing by the defendant to the plaintiff. * * *

"* * * *

"* * * It is thus apparent that there may be an area of disputed fact; at least the matter or issue as to the ice is not met clearly and head on. The court feels, however, it is inconsequential and would undoubtedly be met by hurdles later in the proceedings which would be forbiddable.

"* * * *

"Motion for summary judgment granted. Defendant's motion for judgment on the pleadings ruled moot. * * *"

The judgment of the Common Pleas Court may stand only if that court could properly conclude that (1) the defendant was not negligent, *or* (2) that the plaintiff had assumed the risk, *or* (3) that the plaintiff was contributorily negligent.

Some states do not permit the entry of a summary judgment in tort actions. 49 Corpus Juris Secundum 391, Judgments, Section 2206. However, the Ohio statute (Section 2311.041, Revised Code) is broad enough to permit summary judgment in a tort action when there is no genuine issue as to any material fact and where the moving party is entitled to judgment as a matter of law. Thus, for the Common Pleas Court to conclude in favor of the defendant with respect to the negligence of plaintiff, the conclusion must be reached as a matter of law. Further, under the Ohio statute "the party against whom the motion for summary judgment is made is entitled to have such depositions, answers to interrogatories, admissions of the genuineness of papers or documents, and affidavits construed most strongly in his favor." Compare *Bohn Aluminum & Brass Corp.* v. *Storm King Corp.* (C. C. A. 6), 303 F. 2d 425, as to the federal rules.

Although the Ohio statute (Section 2311.041, Revised Code) provides that "when a motion for summary judgment is made *and supported* as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise pro-

vided in this section, must set forth specific facts showing that there is a genuine issue for trial," the duty to make a response does not arise until and unless the motion is *supported* by documents, as provided by that section, showing prima facie that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The failure of the plaintiff in this case to file any affidavits, depositions, or answers to interrogatories in response to the deposition filed by defendant does not in any manner lessen the defendant's duties, as set forth in 49 Corpus Juris Secundum 418, Judgments, Section 225 b:

"On a motion by defendant for summary judgment dismissing the complaint, his affidavits must set forth evidentiary facts showing the sufficiency of his defense. He must make out a clear case on undisputed material facts presented on the record. * * *."

See, also, 49 Corpus Juris Secundum 420, Judgments, Section 225c.

Plaintiff's petition plainly shows that she was a business invitee of defendant. Although we have not found that the Supreme Court of Ohio has specifically adopted the common-law rules of negligence relating to business invitees set forth in the Restatement of Torts, we find the Supreme Court decisions not to be inconsistent therewith nor to preclude their application. We consider the following from II Restatement of the Law of Torts 939 *et seq.*, Section 343, particularly pertinent:

"A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he

"(a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them, and

"(b) has no reason to believe that they will discover the condition or realize the risk involved therein, and

"(c) invites or permits them to enter or remain upon the land without exercising reasonable care

"(i) to make the condition reasonably safe, or

"(ii) to give a warning adequate to enable them to avoid the harm without relinquishing any of the services

which they are entitled to receive, if the possessor is a public utility.

"Comment:

"* * *

"d. *What business visitor entitled to expect.* A business visitor is entitled to expect that the possessor will take reasonable care to ascertain the actual condition of the premises and, having discovered it, either to make it reasonably safe by repair or to give warning of the actual condition and the risk involved therein. Therefore, a business visitor is not required to be on the alert to discover defects which, if he were a bare licensee, entitled to expect nothing but notice of known defects, he might be negligent in not discovering. This is of importance in determining whether the visitor is or is not guilty of contributory negligence in failing to discover a defect, *as well as in determining whether the defect is one of which the possessor should believe that his visitor would not discover and as to which, therefore, he must use reasonable care to warn the visitor.*" (Emphasis added.)

It is also stated in 65 Corpus Juris Secundum 538, Negligence, Section 48b:

"An invitation to enter premises carries with it the duty toward the persons invited to provide reasonably safe means of ingress and egress, and to provide reasonably safe passages to and from such places as are included within the scope of the invitation."

On the other hand, the Supreme Court of Ohio held in the fourth paragraph of the syllabus in the case of *Englehardt, a Minor,* v. *Philipps,* 136 Ohio St. 73, that:

"4. Because of the impracticability of avoiding the presence of moisture on commercial areas and surfaces as commonly used and maintained, and upon which persons are invited to go, while such areas or surfaces are in a slippery condition because of the presence of rain or other forms of moisture, the law generally declines to fix liability against those creating or maintaining such surfaces or areas in favor of those who slip and fall thereon."

By reasoning similar to that expressed in that paragraph many cases exist in Ohio and in other states where a commercial proprietor has been held free of liability for injuries

incurred by his customers upon entering or leaving his premises due to the existence of snow or ice, or both, on the means of ingress or egress. However, in all such cases that we have been able to find, the existence of snow or ice, or both, and the dangerous condition, is observable to the customer, and liability has been denied by judgment, entered on the pleadings, on motion for a directed verdict, or after trial, on a conclusion either that no duty was owed by the proprietor to the customer, or that the customer was contributorily negligent, or that the customer had assumed the risk. However, it also appears in the opinion of Judge Hart in the *Englehardt case,* which opinion was concurred in by a majority of the court, that the rule set forth in paragraph four of the syllabus is distinguishable from and not intended to apply to those situations where the slippery condition is caused by an extraneous substance or where the slippery condition constitutes a hidden or concealed danger. Judge Hart stated at page 78:

"The specific question here involved is whether the defendant set up an unreasonable risk as to the plaintiff by maintaining a diving tower, the platform of which was slippery when wet. Similar questions have frequently been before the courts involving the risks incident to the use of areas and surfaces upon which persons are invited to go while such areas or surfaces are in a slippery condition because of the presence of rain or other natural forms of moisture. These cases are distinguishable from others in which the negligence charged relates to some extraneous substance which has been placed upon or allowed to accumulate upon commercial areas frequented by pedestrians, causing such areas to become slippery and dangerous * * *; *and from cases where there are hidden or concealed dangers* * * *." (Emphasis added.)

The plaintiff here has alleged just such a hidden or concealed danger, *i. e.,* ice covered with snow; ice, which could be all the more dangerous because of the increased slipperiness ordinarily caused by snow cover. The allegations of the relationship of business invitee, the dangerous condition, the coldness of the weather, the falling of snow both at the time of the entrance upon and at the time of the exit from the premises, that defendant had been told it was snowing and to clean his walk, and that there had been no cleaning or sweeping during

such interval, raised the issues of whether the condition constituted an *unreasonable* risk to plaintiff; whether the defendant knew of, or by the exercise of *reasonable* care could have discovered, the condition which, if known to him, he should realize as involving such unreasonable risk; and whether defendant had no reason to believe that plaintiff would discover the condition or realize the risk involved therein. If each of these issues were resolved in the affirmative, then defendant had a duty to plaintiff to make the condition reasonably safe, or to give a warning adequate to enable her to avoid the harm. In order to allege this duty it was not necessary for plaintiff to allege each of the issues thus raised, as to do so would have been merely the allegation of conclusions which could be derived from the alleged facts. Defendant's duty is dependent upon these conclusions, but good pleading requires only allegation of the facts. The breach of duty alleged by plaintiff is, or course, that the defendant had not cleaned or swept the sidewalks from the time that plaintiff had entered the premises.

In our opinion plaintiff has alleged a cause of action in negligence and the trial court could not properly conclude, as it did, that plaintiff "had failed to plead a duty owing by the defendant to the plaintiff," and, for such reason, enter summary judgment. In any event, a motion for summary judgment is not a substitute for a demurrer. Under our statutes a defendant properly demurring is merely entitled as of right to have his demurrer sustained, without judgment being entered, and, more often than not, the plaintiff is given leave to plead over. Section 2309.60, Revised Code. On the other hand, to entitle a defendant to a summary judgment there must be an affirmative showing from "the pleadings, depositions, answers to interrogatories, admissions of the genuineness of papers or documents, and affidavits, if any, * * * *that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.*" (Emphasis added.) Certainly the Legislature never intended that a party moving for summary judgment should have any greater right to judgment on the petition than he would have had had he demurred to same.

No effort was made by the defendant in the deposition filed in support of his motion to show that he had, or had not,

conducted himself in any particular manner toward plaintiff, and the deposition relates primarily to plaintiff's conduct while on the premises of defendant. There being no supporting affidavits, depositions, or interrogatories, bearing on the issue of defendant's negligence, such issue could not properly be determined as a matter of law, and, in the absence of a valid determination as a matter of law that the plaintiff was contributorily negligent or had assumed the risk, defendant's negligence remained at issue as a genuine issue of fact for determination by a jury, unless waived.

Assumption of risk is based on knowledge of danger. As held in *Ricks* v. *Jackson*, 169 Ohio St. 254:

"1. In the absence of evidence that a person knew of a danger or that the danger was so obvious that he must be taken to have known of it, it cannot be held that such person assumed the risk of injury from such danger."

Here the plaintiff specifically denies knowledge of the existence of the icy condition of the walk under the snow. Her deposition neither shows such knowledge nor that its existence "was so obvious that [s]he must be taken to have known of it."

Nor have we been able to find any case where it has been determined that a person is contributorily negligent, as a matter of law, in going upon ice covered by snow without knowledge of the existence of the ice.

With respect to both assumption of risk and contributory negligence this case is identical to that of *Oswald* v. *Jeraj*, 146 Ohio St. 676, where the court said and held, as appears at page 682 in Judge Bell's opinion:

"The trial court was of opinion that when plaintiff went out in low-heeled slippers, commonly called bedroom slippers, she assumed whatever risk was connected with that method of travel on a walk that was covered with snow.

"That plaintiff knew there was a light covering of snow upon the walk is undisputed, however there is no evidence to support a conclusion that she knew of the patches of ice beneath the snow, hence it was error to conclude as a matter of law that she was precluded from recovery under the doctrine of assumed risk. The fact that plaintiff knew of the covering of snow upon the approach did not require that she stay in her apartment. Using such approach with her feet clad in low-

heeled slippers did not as a matter of law charge her with assumption of risk. The fact that she went upon the walk in low-heeled slippers knowing it was covered with snow might be urged in considering an issue of contributory negligence.

"We do not think that the doctrine of assumed risk has any application to the situation presented, nor do we think it can be said as a matter of law that plaintiff was guilty of contributory negligence. The question whether the defendants were guilty of negligence, as well as the question whether the plaintiff was guilty of contributory negligence, is one of fact. Therefore the trial court erred in directing a verdict and entering judgment for defendants, and the Court of Appeals erred in affirming that judgment."

Therefore, construing the deposition of plaintiff most strongly in her favor, we find that the Common Pleas Court committed error prejudicial to the plaintiff, appellant herein, as assigned in each of the first three assignments of error. It is not apparent from the pleadings, the memorandum decision of the Common Pleas Court, or its judgment, that the trial court committed error as assigned in the fourth assignment of error.

As the Common Pleas Court could not determine as matters of law either the nonexistence of defendant's negligence, the existence of plaintiff's assumption of risk, or the existence of plaintiff's contributory negligence, at least one genuine issue as to a material fact existed, the defendant was not entitled to judgment as a matter of law, and the court's ruling on the motion for summary judgment and the judgment entered pursuant thereto are contrary to law and are reversed and vacated, and the cause remanded to such court with instructions to overrule the motion for summary judgment, to determine the motion for judgment on the pleadings, and for further proceedings as provided by law.

*Judgment reversed.*

MIDDLETON, P. J., and YOUNGER, J., concur.