HORVATH, PLAINTIFF-APPELLEE, *v.* FISHER FOODS, INC., DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26459.   Decided November 21, 1963.

No attorney for plaintiff-appellee.
*Messrs. Arter, Hadden, Wykoff & Van Duzer, Mr. Edward C. Adkins, Mr. Harvey O. Mierke, Jr.,* for defendant-appellant.

ARTL, J. This is an appeal on questions of law from an order of the Court of Common Pleas overruling defendant-appellant's motion for summary judgment, which is not a final order and appealable unless the trial court abuses its discretion.

The assignments of error of which appellant complains are as follows:

"1. The Court below abused its discretion in overruling defendant's motion in the absence of a question of material fact.

"2. The Court below abused its discretion in refusing to follow binding precedent as announced by this and other courts.

"3. The Court below abused its discretion in refusing to give defendant judgment where plaintiff failed to respond with other evidence or an affirmative affidavit showing the existence of a material issue of fact, or to appear at the hearing as required by Section 2311.041, Revised Code."

Plaintiff-appellee (hereinafter referred to as "plaintiff") sued in the Court of Common Pleas for injuries sustained when her left arm was struck by an electrically operated door after she had entered defendant-appellant's (hereinafter referred to as "defendant") Parma store on July 17, 1958.

The plaintiff in her petition alleged substantially that the electrically operated door violently slammed into her from the rear and to the left, striking her on the left arm with great force and violence, injuring her; that the portion of the door which struck her so violently was the part on which a large metal box containing the lock protruding therefrom was located; that the electrically operated door was inadequately and improperly controlled; that the motion in movement thereof was too rapid and too violent; that its movement and operation was dangerous for persons; that the manager knew this dangerous

situation or in the exercise of ordinary care should have known it, and should have regulated the operation of this automatic door to obviate said danger.

The defendant answered, admitting the incident but denying its negligence.

The defendant took a deposition of plaintiff's testimony and filed it with a motion for summary judgment. The motion was overruled.

The plaintiff's testimony was taken by the defendant as upon cross-examination. The deposition was all of the testimony presented to the lower court upon which defendant sought a favorable ruling upon its motion.

In view of the allegations of plaintiff's petition, we have carefully examined plaintiff's testimony as recorded in her deposition to determine whether the plaintiff has in any manner negated the charges made by her in her petition.

At no time during the taking of the deposition was any inquiry made of the plaintiff with respect to the rapidity with which the door operated; nor as to what degree of violence was apparent in the operation of the door; nor as to the degree of force with which she was struck. The deposition is devoid of any such testimony. That being true, the lower court had before it material allegations set forth above contained in the petition, controverted by defendant's answer.

The pertinent part of Section 2311.041, Revised Code, provides as follows:

"(B) * * * The adverse party prior to the day of hearing *may* file opposing affidavits. Summary judgment shall be rendered forthwith if the pleadings, depositions, * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *" (Emphasis added.)

It is our view that since the allegations of plaintiff's petition were not negatived by the deposition of plaintiff's testimony and the motion for summary judgment was not supported by any other testimony as to the condition of the door in question there would be no occasion for the plaintiff to file any affidavit.

There is another aspect of this problem which bears close

scrutiny and merits a careful analysis. It stems from the argument advanced by defendant that "Plaintiff was Negligent as a Matter of Law." This argument is predicated upon a recitation of facts which are supported by plaintiff's testimony, as follows:

"Plaintiff stood at this point for a few moments with her back to the door looking over the produce counters of the store. Then, without watching where she was going or looking at the door, plaintiff turned to her left and walked into the path of the opening door which subsequently struck her."

The petition alleges that plaintiff was seriously injured as the result of the violent action of the door and supports her claim of injury by her testimony in the deposition. By the provisions of paragraph (B) of Section 2311.041, Revised Code, "* * * the party against whom the motion for summary judgment is made is entitled to have such depositions * * * construed most strongly in his favor. * * *"

We readily concede that under the circumstances set forth herein the plaintiff, in walking into the path of the door, was negligent as a matter of law. But for such negligence to bar her from recovery in this case, the evidence must show that her negligence was a proximate or contributing cause of the injuries sustained.

The test for determining whether the moving party is entitled to summary judgment as a matter of law is whether when the evidence is construed most strongly in favor of the person against whom the motion is made, reasonable minds can come to but one conclusion and that conclusion is adverse to that party.

The type of door herein involved is of such general use throughout this community that this court may take judicial notice of certain facts relative thereto.

One fact is that a door of this type when operating normally might bump, shove or brush a person stepping into its path without necessarily inflicting upon such person any compensable injury. In the case before us, we have the claim by plaintiff that the door did not operate normally and that she was injured as the result of the abnormal operation of the door. Such a situation presents a jury question as to the proximate cause of plaintiff's injuries.

Another basis upon which appellant predicates error is that the court below completely disregarded the mandatory requirement of Section 2311.041, Revised Code. This argument has specific reference to the language found in paragraph (D) of said statute, to wit:

"(D) * * * When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

We have, heretofore, stated that the testimony of the plaintiff did not negate the allegations of plaintiff's petition as to the negligent operation of the door in question and in the absence of any evidence, whether by deposition or affidavit, that would have such effect, we cannot say that the motion for summary judgment was "supported as provided in this section" as stated in the very first clause of paragraph (D) of Section 2311.041, Revised Code. In the absence of such "supporting" evidence, we conclude that the remainder of said paragraph would have no application herein.

In view of what has been said above, we conclude and hold that the lower court was not in error in overruling the motion for summary judgment for the reasons (1) that there was an issuable material fact as to the negligent operation of the door in question; (2) that though the plaintiff was negligent as a matter of law, the question remained as to whether her negligence or the negligence of the defendant was the proximate cause of plaintiff's injuries, which is a jury question.

It follows that defendant's assignments of error are not well taken and must be overruled. The judgment of the Court of Common Pleas is affirmed and the cause is remanded to said court for further proceedings.

Exceptions. Order see journal.

KOVACHY, P. J., SILBERT, J., concur.