NORMAN, APPELLANT, *v.* THOMAS EMERY'S SONS, INC., ET AL., APPELLEES.

[Cite as Norman v. Thomas Emery's Sons, Inc., 7 Ohio App. 2d 41.]

(No. 9749—Decided February 14, 1966.)

*Messrs. Hoover, Beall & Eichel,* for appellant.

*Messrs. Rendigs, Fry, Kiely & Dennis,* for appellee Thomas Emery's Sons, Inc.

*Messrs. Brumleve, DeCamp & Wood,* for appellee Westinghouse Electric Corp.

HILDEBRANT, P. J. In this appeal on questions of law, appellant, plaintiff below, assigns as error the action of the trial court in granting a motion for summary judgment in favor of each defendant below, to wit, Thomas Emery's Sons, Inc., and Westinghouse Electric Corporation.

The judgment entries recite merely that the motions were heard upon the pleadings, the deposition of plaintiff, answers to interrogatories and memoranda, and upon consideration of all of which the court found the motion well taken and granted same.

Defendant Emery is owner of the Carew Tower, and in that building established and maintains an observation area where, for a fee, the public may view the panorama presented from that vantage point; access to the observation area is provided by an automatic elevator which shuttles solely between the forty-fifth floor of the building and the observation area.

Defendant Westinghouse manufactured, installed and maintains under a service contract with defendant Emery the elevator providing access to the observation tower.

Plaintiff, together with his eleven year old son, having patronized the observation tower, boarded the elevator at the observation level for descent to the forty-fifth floor. At the moment of boarding there were already numerous passengers in the car, and other passengers crowding from the rear of plaintiff to become passengers on this particular descent caused plaintiff to stand facing the rear of the car with his hand on the shoulders of his son and to lean forward so that no part of his body would come in contact with the automatic closing elevator door or doors, as the case might be. At the end of its descent, the elevator stopped somewhat below the level of the forty-fifth floor. On the automatic opening of the door or doors, the surge of the crowd within pushing against plaintiff caused him to make his exit backward, his heel caught on the difference of the level between the floor of the elevator and the level of the forty-fifth floor of the building, and he suffered a fall producing the injuries of which he complains.

Plaintiff alleged in his petition that the elevator was automatic, unattended, and unfit for the purpose intended, and that defendants were negligent in failing to properly maintain such elevator in such a condition that it would stop in a position level with the floor of the building, and in failing to adequately supervise the operation of such elevator.

No demurrer was filed to the petition—defendant Emery simply denying for want of knowledge the happening set forth in the petition and denying any negligence at all. Defendant Westinghouse answered admitting the fall as stated but denied it was caused by any negligence by it or its agents, and further answered charging contributory negligence and assumption of risk on the part of the plaintiff.

The issues of negligence, proximate cause, contributory negligence and assumption of risk are all ordinarily for the jury.

There is nothing in the record before this court to show other than that the trial court found no genuine issue of fact present with reference to any of those issues.

While the remedy of summary judgment has been available by statute in Ohio only since November 9, 1959, it has become settled that such judgment is to be awarded with caution with all doubts to be resolved against the movant and granted only when it appears from the evidentiary material before the court that reasonable minds can come to but one conclusion, and that conclusion adverse to the party opposing the motion for summary judgment.

While elevators are not a dangerous instrumentality, and owners and operators are not insurers as to their safety, a passenger elevator is classified as a common carrier so that the duty owed to the passengers is to exercise the highest degree of care of which the situation is reasonably susceptible. This duty is even more exacting in the case of automatic elevators because of their distinguishing features from manually operated elevators designed to be run by an attendant, whereas the automatic elevator is designed to be operated by its passengers without the assistance of a trained attendant, and because of these automatic features it is said that operating owners and ones under contract to service and inspect must act with a higher degree of care. It is also stated that the doctrine of *res ipsa loquitur* is more readily applicable and, conversely, that passengers relying on the automatic features are seldom held to be contributorily negligent as a matter of law for so doing. See Annotation, 6 A. L. R. 2d 391 *et seq.*

No consideration of the applicability of the doctrine of *res ipsa loquitur* was given by the court below, no doubt because the petition made meager allegation of specific acts of negligence; however, it was recently held by our Supreme Court in *Oberlin* v. *Friedman,* 5 Ohio St. 2d 1, paragraph two of the syllabus:

"If the allegations of the petition and the proof in support thereof call for its application, the doctrine of *res ipsa loquitur*

may be applied even though the petition also alleges and evidence is offered to prove specific acts of negligence. * * *''

Therefore, this court is of the opinion that the summary judgment procedure is inappropriate and not available upon the record before the court, and the judgment as to defendant Thomas Emery's Sons, Inc., is hereby reversed.

While the doctrine of *res ipsa loquitur* is not available with reference to defendant Westinghouse Electric Corporation, it not having exclusive possession and control of the instrumentality, in the exercise of extreme caution in applying the summary judgment remedy, and in view of the high degree of care required in this case, this court is of the opinion that the summary judgment procedure is inappropriate as to defendant Westinghouse Electric Corporation, and the judgment in its favor is hereby reversed.

This cause is remanded for further proceedings according to law.

*Judgment accordingly.*

LONG and HOVER, JJ., concur.