VETOVITZ BROS., INC., *v.* KENNY CONSTRUCTION COMPANY
ET AL., APPELLANTS; AKRON BRICK & BLOCK, APPELLEE. ▪

[Cite as Vetovitz Bros., Inc., v. Kenny Constr. Co. (1978),
60 Ohio App. 2d 331.]

(No. 732-Decided March 22, 1978.)

*Messrs. Kahn, Kleinman, Yanowitz & Arnson,* and *Mr.
David N. Brown,* for appellants.

*Mr. David W. Hilkert,* for appellee.

VICTOR, J. This is an appeal from a summary judgment
for defendant-appellee, Akron Brick & Block Co. (AB&B), on
the cross-claim of defendant-appellants, Kenny Construction
Co. (Kenny) and Hickory Hill, Ltd. (Hickory).

AB&B, a manufacturer of concrete block, sold its block to
a builder's supplier, Valley City, which then sold the block to
Vetovitz Bros. Inc. (Vetovitz) a masonry subcontractor. Pur-
suant to a contract with Kenny, a general contractor,
Vetovitz used the block in an apartment project owned by
Hickory. Vetovitz filed a mechanic's lien when Kenny and
Hickory allegedly failed to pay off Vetovitz for its masonry
work on the apartment project. Vetovitz then brought suit
for a money judgment and to foreclose on the lien.

In addition to Kenny and Hickory, Vetovitz named
AB&B, Keith Haag & Assoc. (Hagg), architect for the apart-
ment project, and Peerless Insurance Co., the bonding com-
pany, as parties to the action. Kenny and Hickory filed a joint
cross-claim against AB&B, alleging that AB&B was
obligated to them for breach of contracts and express and im-
plied warranties, and that AB&B had negligently manufac-
tured the block, causing damages to Kenny and Hickory.

Claimed damages were for additional construction expenses, diminution in the overall value of the apartment project, and consequential commercial losses attributable thereto. AB&B denied the allegations of the cross-claim and later moved for summary judgment.

The trial court granted AB&B's motion on September 27, 1976. Kenny and Hickory appealed to this court, but the appeal was dismissed because the order appealed was not a final order in accordance with Civ. R. 54 (B). Thereafter, Kenny and Hickory moved the trial court for relief from judgment. The trial court denied the motion but expressly determined that there was no just reason to delay entry of a final order. Kenny and Hickory now appeal, claiming the trial court erred by granting AB&B's motion for summary judgment.

Summary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. *Petroff* v. *Commercial Motor Freight, Inc.*(1960), 82 Ohio Law Abs. 433; *Horvath* v. *Fisher Foods, Inc.* (1963), 93 Ohio Law Abs. 182; *Norman* v. *Thomas Emery's Sons, Inc.* (1966), 7 Ohio App. 2d 41; *Morris* v. *First Natl. Bank & Trust Co.* (1970), 21 Ohio St. 2d 25. A successful motion for summary judgment rests on the two-part foundation that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Kwait* v. *John David Management Co.* (1974), 42 Ohio App. 2d 63.

The cross-claim of Kenny and Hickory seeks to impose liability upon AB&B for its manufactured product, concrete block. Claims for products liability sound in either contract or tort. *Rogers* v. *Toni Home Permanent Co.* (1958), 167 Ohio St. 244. Where there is a contractual relationship between the parties, liability may be based upon contract. Absent privity, liability in tort is grounded upon either negligence or breach of an implied duty of merchantable quality and fitness for intended use. Recovery is allowed when a defect in the product is the direct and proximate cause of injuries to a person or to property, where these injuries could be reasonably anticipated. *Lonzrick* v. *Republic Steel Corp.* (1966), 6 Ohio St.

2d 227, and *Iacono* v. *Anderson Concrete Corp.* (1975), 42 Ohio St. 2d 88. Where there is no privity of contract between the manufacturer and the buyer of a product, there is no liability based on negligence for the pecuniary loss of bargain due to use of the product. *Inglis* v. *American Motors Corp.* (1965), 3 Ohio St. 2d 132.

Evidentiary matter submitted with the pleadings and answers to interrogatories disclosed that AB&B was neither a party to the construction contract between Kenny and Vetovitz, nor a party to the architectural services agreement between Hickory and Haag. Nothing before the trial court on the motion for summary judgment indicated that Kenny or Hickory Hill were the intended beneficiaries of any sales contracts of AB&B for its concrete block.

Kenny and Hickory claim the block failed to comply with specifications and was negligently manufactured in that the block was (1) not uniform in color, (2) the incorrect color, and (3) failed to properly take a score along the indented edge. If AB&B had no contractual duties to Kenny and Hickory with respect to color and scoring, are these duties to be imposed upon the manufacturer by tort theory? We believe not.

No claim is made that the blocks were worthless articles generally unfit for use in construction as concrete block. Rather, the claimed defects are specific and have reference to specifications contained in construction contracts or architectural services agreements. What is, after all, an incorrect color for concrete block, unless a correct color has been expressly determined? The claimed defects are those which flow from a breach of contract. Kenny and Hickory ask for a monetary award which would place them in the position in which they would have been had the block met specifications and contract terms with respect to color and scoring. The problem with this claim is that there is no identifiable contract between AB&B and Kenny and, or, Hickory.

Notwithstanding their claim to the contrary, Kenny and Hickory failed to establish any written or oral warranties extending to them from AB&B for the concrete block. A December 27, 1973, letter from AB&B to Kenny, written after the first unit of the project was completed, is held out to be evidence of an express warranty, but the letter says nothing about scoring and specifically disclaims responsibility for any expenses due to color variations of the block. The

matter of the block's color must be considered in light of an AB&B representation, stated in an August 3, 1973, letter before construction began, that color variations of any concrete masonry unit of one color could be expected. No evidence within the record showed that AB&B made representations as to the quality of its block aimed directly at Kenny or Hickory, or that AB&B urged Kenny or Hickory to purchase the block from a builders supply retailer, or that Kenny or Hickory obtained the block in reliance upon and pursuant to inducements of AB&B.

A mere awareness on the part of the manufacturer as to where and how his product will eventually be used, does not, by itself, create an express warranty for the product. Hence, reasonable minds can only conclude that AB&B did not warrant the color or scoring of its block to the eventual consumers, Kenny and Hickory.

Cross-claimants also seek recovery in tort for an alleged breach of the manufacturer's implied warranty of merchantable quality and fitness for intended use. Yet, beyond the bare general averments of Kenny and Hickory, there is no evidence tending to show that AB&B failed in its duty to protect those using its product in the ordinary way in which it was intended to be used from the harm of personal injury or property damage caused by a defect in the product. A mere assertion that a genuine issue exists does not create a triable issue or pose a question for a jury.

The operative facts before the trial court were:

(1) There is no evidence of privity between AB&B and Kenny or Hickory; (2) there is no evidence of warranties for the claimed defects extending from AB&B to Kenny or Hickory; (3) the claimed damages due to color and scoring of the block are pecuniary losses for which, without privity, no recovery is possible under negligence theory. *Inglis* v. *American Motors Corp., supra.*

Since Kenny and Hickory have shown no basis of liability, either in contract or tort, under which they can recover the claimed damages, the motion for summary judgment was proper.

*Judgment affirmed.*

MAHONEY, P. J., and BELL, J., concur.