FOX, APPELLANT, *v.* MAYFIELD,
ADMR., ET AL., APPELLEES.

(No. 53279—Decided
February 1, 1988.)

*Richard Salisbury,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Q. Albert Corsi,* for appellee James L. Mayfield, administrator.

*Betty Grdina* and *Louise Mosher,* for appellee UAW Local 91.

DYKE, J. Donald P. Fox, plaintiff-appellant, was an employee of Park Ohio Industries, Ohio Crankshaft Division, since March 11, 1966. Plaintiff served as a union steward in the years 1982 and 1983. Fox currently is a member of the defendant-appellee UAW Local 91, which represents the hourly production and maintenance workers at Park Ohio Industries' Ohio Crankshaft Division plant.

On July 11, 1983, UAW Local 91 began a strike against Park Ohio after its labor contract expired. Fox was eligible as a striking union member to receive strike benefits from the International Union, UAW, not the local union. The benefits were not distributed according to participation in the strike but rather distributed on a need basis to union members who were current in their dues. The union could deny benefits if a member refused to participate at all in the strike. The strike benefits were in effect insurance benefits. The benefits originated from the International Union's Strike Insurance Fund, which was funded from a fixed proportion of dues collected by the union. Fox received a total of $85 per week as well as hospitalization and life insurance benefits.

As soon as the strike began, the local union set up a system whereby strikers were assigned eight-hour shifts of picket duty at the plant's entrance. The plant was located at 3800 Harvard Avenue, Newburgh Heights, Ohio. Picket captains were designated among the four-man groups assigned each shift. Rules were established and posted at a membership meeting in July 1983. Fox was present at that meeting. The rules forbade violence and drunkenness and attempted to regulate the comings and goings of pickets in accordance with federal law.

Only picket captains were allowed to leave the plant gates during their shift and only for the limited purpose of buying food or checking on pickets at other sites. The rules established that others could only cross the street

to use restroom facilities. A captain was paid $7.50 in a voucher for reimbursement of gasoline expenses. No other specific rules existed that regulated the pickets' conduct while at the site.

The plaintiff, Fox, served as picket captain from the beginning of the strike in July 1983 to September 23, 1983. In September Fox was removed because of unsatisfactory performance. Fox was then assigned to regular picket duty and picketed one day a week from 10:00 p.m. to 6:00 a.m. Fox was continually paid his weekly benefit of $85.

On October 14, 1983, during his shift, Fox left the site of the picketing and drove to West 25th Street at Archwood in search of food. Fox, while stopped at a red light, was struck from behind by a pickup truck. Fox, in his deposition, admitted that despite the union rules prohibiting lunch hours and the use of automobiles by anyone but picket captains, he always went somewhere for lunch.

Fox filed a workers' compensation claim for the injuries he received in the collision with the pickup truck. Fox alleged he was an employee of Local 91 and that his injuries arose in the course and scope of his employment.

At the hearing level, Fox was found to be an employee and entitled to workers' compensation benefits. The defendant union appealed to the regional board of review which determined that Fox was not an employee of Local 91. Fox timely appealed to the Ohio Industrial Commission which found that Fox was an employee of Local 91 but was not injured while in the course and scope of his employment. An appeal was taken by Fox to the common pleas court which granted the defendant's motion for summary judgment.

Plaintiff-appellant Fox appeals the court's granting of defendant-appellee's motion for summary judgment and assigns three errors for our review.

## I

In his first assignment of error Fox states:

"The trial court erred in granting defendant's motion for summary judgment since under the facts of the case and under the current laws of the State of Ohio, plaintiff was an employee of UAW Local 91."

Fox maintains that the court improperly granted Local 91's motion for summary judgment and asserts three arguments which he claims support his position that he was an employee of Local 91 at the time of his accident and thus entitled to workers' compensation benefits. First, the strike benefits he received were "wages" from Local 91 earned in exchange for work performed (picketing) during the strike. Second, Local 91 exercised complete control over him, thus indicating an employer-employee relationship existed. Last, his position as a union official, in which he was afforded additional benefits and seniority status, made him an employee of Local 91.

Defendant-appellee contends the facts of the present case indicate that Fox was not employed by Local 91 at the time of his accident and thus his injury was not compensable under the workers' compensation laws. Defendant argues that even if Fox was an employee of the union, Fox was not acting within the course of his employment duties when the accident occurred and therefore still not entitled to workers' compensation benefits. Defendant-appellee argues that no issue of fact existed as to whether Fox was entitled to workers' compensation benefits.

Civ. R. 56(C) sets forth the standard of review in determining whether summary judgment should be granted. The Supreme Court, discussing the purpose of Civ. R. 56, stated:

14

" 'Summary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving doubts and *construing evidence against the moving party, and granted only when * * * reasonable minds can reach only an adverse conclusion as to the party opposing the motion.*' " (Emphasis added.) *Norris* v. *Ohio Std. Oil Co.* (1982), 70 Ohio St. 2d 1, 2, 24 O.O. 3d 1, 2, 433 N.E. 2d 615, 616, quoting *Vetovitz Bros., Inc.* v. *Kenny Constr. Co.* (1978), 60 Ohio App. 2d 331, 332, 14 O.O. 3d 292, 293, 397 N.E. 2d 412, 414.

Fox's injury was compensable under the workers' compensation laws if it was "received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C); see, also, R.C. 4123.54; *Primiano* v. *Ohio Bell Tel. Co.* (Apr. 24, 1986), Cuyahoga App. No. 50495, unreported.

The affidavit of Richard Vadovski, an international representative employed by the International Union, UAW and past president of UAW Local 91, stated that the strike benefits received by Fox were treated as a return of dues dollars from the International Union's Strike Insurance Fund; that the strike benefits had no relationship to hours served but were instead a flat weekly payment disbursed to those in need; that no withholdings, such as for Social Security, federal income tax, or state and local taxes, were taken from the strike benefits checks; that no premiums were paid by Local 91 for workers' compensation coverage for the strikers; and that the strikers were required to participate in a strike activity assigned by the local union but could be excused from participation without a negative effect on their benefits.

We find, after construing the evidence against defendant-appellee,

that reasonable minds could only conclude that the strike benefits Fox received were not wages from Local 91, but rather were a return of dues from an insurance fund which was meant to assist union members in a strike situation.

The degree of control Local 91 exhibited over Fox during the strike consisted of promulgated rules and regulations meant to control the behavior of strikers on picket duty and to keep the strike in compliance with federal and state laws. The control exercised by the local union over its members during the strike did not amount to controlling the manner and means by which the strikers picketed. We find that reasonable minds could only conclude that the control exerted by Local 91 over its members did not create an employer-employee relationship between the members, particularly Fox, and the local union.

Fox was a union steward in the years 1982 and 1983. In 1982, Fox received $718 from the local union in payments for lost time. From January 1, 1983 to July 11, 1983, Fox received only $6.16 in reimbursements for postage expenses. At the time the strike began, July 11, 1983, the status of employees of Park Ohio changed to on-strike and no lost-time has been paid to date. We find that there was no ongoing wage relationship between Fox and Local Union 91 at the time of the accident in October 1983. Last, Fox argues that the superseniority status bestowed upon him by Local 91 was a benefit evidencing that an employer-employee relationship existed between himself and the union. When the accident occurred Fox did not have superseniority status. The status existed as a collectively bargained benefit in relation to the company. When the labor contract expired, Fox's status expired.

We find that reasonable minds

could only conclude, after construing the evidence against the moving party, that Fox was not an employee of the local union and thus not entitled to workers' compensation benefits.

Appellant Fox's first assignment of error is not well-taken.

## II

In appellant's second assignment of error he states:

"The trial court erred in granting defendant's motion for summary judgment since under the facts of the case and under the current laws of the state of Ohio, plaintiff was injured while in the course and scope of his employment."

We have previously determined that plaintiff Fox was not an employee of Local 91. This conclusion essentially moots plaintiff's second assignment of error. However, we will assume for purposes of addressing this assignment of error that Fox was an employee of Local 91. The issue before us becomes whether Fox was injured during the course and scope of his employment. R.C. 4123.01(C)[1] requires that in order for an individual to recover for an injury under the workers' compensation law the injury must have occurred "in the course of, and arising out of, the injured employee's employment." "An activity occurs in the course of the claimant's employment if it is part of his employment duties or is reasonably incidental to those duties." Primiano, supra, citing Kasari v. Indus. Comm. (1932), 125 Ohio St. 410, 181 N.E. 809; Sebek v. Cleveland Graphite Bronze Co. (1947), 148 Ohio St. 693, 36 O.O. 282, 76 N.E. 2d 892.

In Bralley v. Daugherty (1980), 61 Ohio St. 2d 302, 15 O.O. 3d 359, 401 N.E. 2d 448, the Supreme Court held that an injury is compensable if there exists a causal relationship between the injury and the worker's employment activities, conditions or environment. If the relationship between the claimant's injury and his employment activities is remote, compensation should not be awarded. In order to determine whether a "sufficient nexus" exists between the injury and the claimant's employment, guidelines have been suggested in order to aid in the determination. Primiano, supra, and Lord v. Daugherty (1981), 66 Ohio St. 2d 441, 2 O.O. 3d 376, 423 N.E. 2d 96, suggest the following as relevant factors to be considered: (1) the proximity of the accident scene to the place of employment, (2) the degree of control the employer exercised over the place, and (3) the employer's benefit from the employee's presence there.

Fox relies on Littlefield v. Pillsbury Co. (1983), 6 Ohio St. 3d 389, 6 OBR 439, 453 N.E. 2d 570, which stated that an employee may be entitled to compensation for an off-the-work-premises injury if the injury would not have occurred but for the employment and if the risk is distinctive in nature or quantitatively greater than the risk common to the public. Id. at paragraph two of the syllabus.

In Littlefield the claimant was working a twelve-hour shift. After working through a scheduled break and lunch period, the claimant was given permission by the company to leave the premises for a lunch break. The company did not provide food machines or a cafeteria. The claimant travelled one eighth of a mile to the closest restaurant, in a car driven by a co-worker. In returning to the plant, the employees had to make a left turn

---

[1] R.C. 4123.01(C) provides:

" 'Injury' includes any injury, whether caused by external accidental means or ac- cidental in character and result, received in the course of, and arising out of, the injured employee's employment."

onto the only street that accessed the plant. As they waited to turn left onto the company's road, the car was struck from the rear. The court awarded the claimant in *Littlefield* workers' compensation benefits because it found that " 'but for' his employment, Littlefield would not have been making a left turn into the plant." *Id.* at 394, 6 OBR at 443, 453 N.E. 2d at 575. The court found that Littlefield also met the second prong of its enunciated test because the risk was quantitatively greater than that to which other motorists occasionally driving down that same road were subjected.

The facts of the present case differ significantly from the facts which entitled Littlefield to compensation. Fox was specifically told not to leave the premises during his eight-hour shift. Fox was to stay at the gate and bring food if he choose to eat. He was not refreshing himself to be more productive as was Littlefield. Fox, unlike Littlefield, drove several miles away from his "work" site in order to obtain food. The area where the accident occurred, unlike the area in *Littlefield,* was completely outside the control of the union (the alleged "employer"). Fox's unauthorized trip several miles away from his picketing site indicates that he was not at the point of his accident because of his employment.

The facts of the case *sub judice* fail to reveal that Fox's risk at West 25th Street was quantitatively greater than that which other motorists occasionally driving down the road experience.

We find that no factual issues or competing inferences exist as to whether Fox was outside the course of his employment. The facts in the present case do not meet the two-prong

test set out in *Littlefield,* which entitles claimants to compensation for injuries received off work sites. The facts instead indicate without issue that the accident occurred far from the place of employment; that the employer did not exercise any control over the place of the accident; and that the employer did not benefit from the employee's presence at the scene of the accident. *Lord* v. *Daugherty, supra.*

The evidence indicates as a matter of law that Fox was outside the scope of his employment and thus not entitled to workers' compensation benefits.

### III

In his third assignment of error plaintiff states:

"The trial court erred in failing to submit this case to the jury since there exists a genuine issue of material fact as to whether plaintiff was an employee of Local 91, and whether plaintiff was injured in the course and scope of his employment, for which reasonable minds could have come to different conclusions."

We have determined in assignments of error number one and number two that no material issue of fact existed as to whether plaintiff was an employee injured in the course of his employment. We find that defendants were entitled to judgment as a matter of law. The trial court did not err in granting defendant's motion for summary judgment.

Fox's third assignment of error is not well-taken.

*Judgment affirmed.*

NAHRA, C.J., and MARKUS, J., concur.