ALBRITTON et al., Appellants,

v.

KIDDIE, INC., et al., Appellees.

[Cite as *Albritton v. Kiddie, Inc.* (1990), 69 Ohio App.3d 708.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57523.

Decided Oct. 9, 1990.

*Marshall I. Nurenberg* and *Joel Levin,* for appellants.

*Crabbe, Brown, Jones, Potts & Schmidt, Gilbert J. Gradisar* and *Charles E. Brown,* for appellees.

---

MATIA, Judge.

This is an appeal from a civil tort action which involved the personal injury of a child who was exercising on a trampoline. Plaintiffs-appellants, Anthony Albritton and Thelma Albritton, appeal from the judgment of the trial court which granted the joint motion for summary judgment as filed by the defendants-appellees, Kiddie, Inc. ("Kiddie") and Nissen Corporation ("Nissen").

On March 4, 1986, the appellants filed a complaint in the Cuyahoga County Court of Common Pleas against Kiddie and Nissen. The complaint alleged that appellant Anthony Albritton was severely injured while practicing on a trampoline manufactured and distributed by the appellees. The appellants' complaint was based upon the theories of strict tort liability, negligence, and loss of services/companionship vis-a-vis improper design of the trampoline and the failure of the appellees to affix adequate warning labels on the trampoline.

On November 18, 1987, Kiddie filed a motion for summary judgment with regard to the appellants' claims of negligence, strict liability, and loss of services. The motion for summary judgment was based upon the affirmative defense of assumption of the risk on the part of appellant Anthony Albritton in exercising on the trampoline. Kiddie supported its motion for summary judgment with two depositions which allegedly demonstrated the defense of assumption of the risk. It should also be noted that by stipulation of the parties, Nissen was joined as a moving party to the motion for summary judgment.

On September 20, 1988, the appellants filed their brief in opposition to the appellees' motion for summary judgment. The appellants' brief in opposition was supported by three depositions and an affidavit.

On March 9, 1989, the trial court granted the appellees' joint motion for summary judgment.

Thereafter, the appellants timely brought the instant appeal from the trial court's judgment which granted the appellees' joint motion for summary judgment.

The appellants' sole assignment of error is that:

"Plaintiffs' sole assignment of error is that the trial court erred in granting summary judgment as moved for by defendants Kiddie, Inc. and Nissen, Inc. which constitutes final judgment in favor of said defendants."

The appellants, in their sole assignment of error, argue that the trial court erred in granting the appellees' motion for summary judgment. Specifically, the appellants argue that genuine issues of material fact existed for the trier of fact with regard to the existence of the affirmative defense of assumption of the risk on the part of appellant Anthony Albritton. The appellants thus argue that the appellees were not entitled to judgment as a matter of law.

This assignment of error is well taken.

Civ.R. 56(C), which establishes the standard upon which a trial court may grant a motion for summary judgment, provides that:

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * * "

In addition, the Supreme Court of Ohio, in *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615, with regard to the granting of a motion for summary judgment, held that:

" 'Summary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. *Petroff v. Commercial Motor Freight, Inc.* (1960), 82 Ohio Law Abs. 433 [12 O.O.2d 484, 165 N.E.2d 840]; *Horvath v. Fisher Foods, Inc.* (1963) 93 Ohio Law Abs. 182 [28 O.O.2d 113, 194 N.E.2d 452]; *Norman v. Thomas Emery's Sons, Inc.* (1966), 7 Ohio App.2d 41 [36 O.O.2d 95, 218 N.E.2d 480];

*Morris v. First Natl. Bank & Trust Co.* (1970), 21 Ohio St.2d 25 [50 O.O.2d 47, 254 N.E.2d 683]. A successful motion for summary judgment rests on the two-part foundation that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Kwait v. John David Management Co.* (1974), 42 Ohio App.2d 63 [71 O.O.2d 425, 329 N.E.2d 702].' *Vetovitz Bros., Inc. v. Kenny Constr. Co.* (1978), 60 Ohio App.2d 331, 332 [14 O.O.3d 292, 397 N.E.2d 412]." *Norris v. Ohio Std. Oil Co., supra,* 70 Ohio St.2d at 2, 24 O.O.3d at 2, 433 N.E.2d at 616.

In the case *sub judice,* a review of the record reveals that reasonable minds could not reach an adverse conclusion as to the appellants in that genuine issues of material fact existed for the trier of fact.

■ In order to establish the affirmative defense of assumption of the risk, the defendant party must demonstrate that the injured party had knowledge of the dangerous condition which caused injury, the dangerous condition was patently dangerous to the injured party, and the injured party voluntarily exposed himself to the dangerous condition. Cf. *Bowling v. Heil Co.* (1987), 31 Ohio St.3d 277, 31 OBR 559, 511 N.E.2d 373; *Briere v. Lathrop Co.* (1970), 22 Ohio St.2d 166, 51 O.O.2d 232, 258 N.E.2d 597; *Stradtner v. Cincinnati Reds, Inc.* (1972), 39 Ohio App.2d 199, 68 O.O.2d 384, 316 N.E.2d 924.

■ Herein, a review of the pleadings, answers, interrogatories, depositions, and affidavits reveals the existence of genuine issues of material fact as to whether appellant Anthony Albritton had knowledge of the dangers involved in exercising upon the trampoline, whether the trampoline was patently dangerous, and whether appellant Anthony Albritton had voluntarily exposed himself to a dangerous condition through exercising upon the trampoline. Only the trier of fact can resolve the existing genuine issues of material fact.

Accordingly, the judgment of the trial court is reversed and the matter is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PATTON, C.J., and ANN McMANAMON, J., concur.