**MRAZ, Appellant,**

v.

**TAFT et al., Appellees.**

[Cite as *Mraz v. Taft* (1993), 85 Ohio App.3d 200.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61540.

Decided Jan. 25, 1993.

*Endress & Endress Co., L.P.A.,* and *Jeffrey C. Endress,* for appellant.

*Weston, Hurd, Fallon, Paisley & Howley, James L. McCrystal, Jr.* and *William H. Baughman, Jr.,* for appellees Lakewood Hospital and Karen Vrtunski.

*Gallagher, Sharp, Fulton & Norman* and *Ernest W. Auciello, Jr.,* for appellee Manor Care of North Olmsted.

HARPER, Judge.

Appellant, John Mraz, appeals from the summary judgment granted by the Cuyahoga County Court of Common Pleas for appellees, Lakewood Hospital ("Lakewood"), Karen Vrtunski and Manor Care of North Olmsted ("Manor"). Since the trial court's judgment was consistent with the law of summary judgment, we affirm.

I

The relevant facts of this case are as follows.

John's wife, Annabelle Mraz, who had a history of stroke, was admitted to Lakewood in April 1987 in a coma. She was discharged in June 1987 and transferred to Manor for further care.

Karen, a social worker employed by Lakewood, assisted Annabelle with her placement in Manor. John had a discussion with Karen and expressed concern about his insurance coverage in relation to the expenses for the care of his wife at Manor.

John and Karen did not discuss Annabelle's eligibility for Medicaid. John did not indicate to Karen at the time that he could not pay for Annabelle's expenses at Manor. Karen stated in her deposition that John agreed to pay for the

expenses not covered by insurance. John was advised to consult an attorney regarding his wife's extended care, which he did.

Annabelle was readmitted to Lakewood in August 1987. Barbara Schweitzer was assigned to assist her in a transfer back to Manor. Again, John and Barbara never discussed Medicaid. Barbara, in her deposition, testified that the issue of Medicaid as a matter of practice is discussed only when the patient or his family indicates inability to pay for extended care.

Annabelle was returned to Manor at John's request. In November 1987, John advised Manor that he could no longer afford to pay for his wife's care. He was then given a Medicaid application. The Medicaid application was approved effective December 1, 1987.

## II

The following assignments of error were presented for our review:

"1. The Trial Court erred in ruling that there was no legal duty owing to the Plaintiff by the Defendant Manor Care of North Olmsted on its Motion for Summary Judgment, when a duty is imposed on Defendant Manor Care of North Olmsted by Statute.

"2. The Trial Court erred in granting the Motion for Summary Judgment of Defendants Lakewood Hospital and Karen Vrtunski as there existed questions of fact upon which reasonable men [*sic*] could come to differing conclusions.

"3. The Trial Court erred in failing to view the facts in a light most favorable to the Appellant herein, and in finding, as a matter of law, issues of controverted fact requiring a jury decision."

The Ohio Supreme Court, in *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2–3, 24 O.O.3d 1, 1–2, 433 N.E.2d 615, 616, held that:

" 'Summary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. *Petroff v. Commercial Motor Freight, Inc.* (1960), 82 Ohio Law Abs. 433 [12 O.O.2d 484, 165 N.E.2d 840]; *Horvath v. Fisher Foods, Inc.* (1963), 93 Ohio Law Abs. 182 [28 O.O.2d 113, 194 N.E.2d 452]; *Norman v. Thomas Emery's Sons, Inc.* (1966), 7 Ohio App.2d 41 [36 O.O.2d 95, 218 N.E.2d 480]; *Morris v. First Natl. Bank & Trust Co.* (1970), 21 Ohio St.2d 25 [50 O.O.2d 47, 254 N.E.2d 683]. A successful

motion for summary judgment rests on the two-part foundation that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Kwait v. John David Management Co.* (1974), 42 Ohio App.2d 63 [71 O.O.2d 425, 329 N.E.2d 702].' *Vetovitz Bros., Inc. v. Kenny Constr. Co.* (1978), 60 Ohio App.2d 331, 332 [14 O.O.3d 292, 293–94, 397 N.E.2d 412, 414]."

The court in *Noll v. Nezbeth* (1989), 63 Ohio App.3d 46, 51–52, 577 N.E.2d 1137, 1140, held that:

"It is well-settled that summary judgment should be used cautiously so as not to usurp a litigant's right to a trial. *Viock v. Stowe–Woodward Co.* (1983), 13 Ohio App.3d 7, 13 OBR 8, 467 N.E.2d 1378. The purpose of such an endeavor is not to try issues of fact, but rather to determine whether triable issues of fact exist."

■ Thus, the thrust of summary judgment law is that there must exist triable issues of fact before a case is submitted to the trier of facts for a determination on the merits. Where the court finds no such issues, it has a duty to stop the litigation at that stage and decide the action.

" '[A] motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial.' *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus, citing *Celotex v. Catlett* [*Catrett*] (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265. See, also, *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 114, 526 N.E.2d 798, 800." *Ebsch v. Tanpnaichitr* (1992), 81 Ohio App.3d 507, 512–513, 611 N.E.2d 430, 433.

■ In the instant case, since appellant's complaint is based on negligence, he bears the burden of producing evidence of negligence on the part of appellees in order to overcome their motion for summary judgment. The Ohio Supreme Court held in *Norris, supra,* 70 Ohio St.2d at 3, 24 O.O.3d at 2, 433 N.E.2d at 616–617, that:

"To warrant a summary judgment in a tort action the trial court must properly conclude that:

" ' * * * (1) the defendant was not negligent, *or* (2) that the plaintiff has assumed the risk, *or* (3) that the plaintiff was contributorily negligent.' (Emphasis *sic.*) *Rainey v. Harshbarger* (1963), 7 Ohio App.2d 260, 264 [36 O.O.2d 374, 376–377, 220 N.E.2d 359, 361–362]."

The law of negligence is settled. A plaintiff must prove the existence of a duty, a breach of which would be actionable, in order to overcome a summary judgment motion. Appellant cites as his authority R.C. 3721.14, which states in pertinent part:

"To assist in the implementation of the rights granted in division (A) of section 3721.13 of the Revised Code, each home shall provide:

"(A) Appropriate staff training to implement each resident's rights under division (A) of section 3721.13 of the Revised Code, including, but not limited to, explaining:

"(1) The resident's rights and the staff's responsibility in the implementation of the rights;

"(2) The staff's obligation to provide all residents who have similar needs with comparable service.

"(B) Arrangements for a resident's needed ancillary services[.]"

Appellant, in an attempt to establish a duty, states:

"Amplification of the foregoing is found in the chapter's definitional section, wherein the term 'ancillary services' is defined. Section 3721.10(H) stated:

" ' "Ancillary services" means, *but is not limited to,* podiatry, dental, hearing, vision, physical therapy, occupational therapy, and psychological *and social services.'* (Emphasis supplied.)"

■ We are not prepared to rule as a matter of law that R.C. 3721.13 imposes a duty on a nursing home to be a financial advisor to its patients, a failure of which should be actionable as a breach of such duty. Such duty may exist only if the nursing home voluntarily assumes such a responsibility and a patient who relied on it in good faith is injured as a result. R.C. 3721.13(A)(4) gives the resident a "right to have all reasonable requests and inquiries responded to promptly" by the caretaker. The initial request and inquiry necessarily must originate from the patient or an authorized representative. Action then may lie if the caretaker fails to respond to requests and inquiries and such failure to respond or an improper response causes an injury to a patient. In the instant case, appellant never inquired about Medicaid information and Manor does not have the authority to inform appellant that he qualified for Medicaid because that function is reserved to the Social Security Administration.

■ We hold that the duty imposed on nursing homes to take care of patients trusted to their care does not include investigation into their financial standing

outside the agreement of the parties. Accordingly, appellant's first assignment of error is overruled.

## III

Appellant charges in his second assignment of error that Lakewood was also negligent in its failure to know and advise that he qualified for Medicaid. The record shows that appellant expressed concern over his insurance coverage. Appellant did not inform Lakewood social workers that he did not have money to pay for his wife's care in a nursing home. Karen testified that she helps patients fill out forms for Medicaid when informed that they cannot pay for the services. She does not, without information from the patient, determine that a patient may be eligible for Medicaid. Appellant has failed to put forth evidence of any duty imposed on Lakewood either by statute or rule of decision to inform him of Medicaid eligibility. Since it is not the function of the jury to create duties where the law has created none, the trial court acted properly in not allowing the issues presented to the jury, because there are no triable issues of fact. Appellant's second assignment of error is overruled.

## IV

Appellant argues in his third assignment of error that the trial court failed to view the facts in a light most favorable to him. There is no evidence that the trial court did not so view them. Without evidence to the contrary, a reviewing court presumes that the trial court viewed evidence in a light most favorable to the nonmoving party before granting a summary judgment according to law. Appellant's third assignment of error is also overruled.

*Judgment affirmed.*

JOHN F. CORRIGAN, P.J., and KRUPANSKY, J., concur in judgment only.