C&D PARTNERSHIP ET AL., APPELLANTS, *v.* CITY OF GAHANNA ET AL., APPELLEES.

[Cite as C&D Partnership *v.* Gahanna (1984), 15 Ohio St. 3d 359.]

(No. 83-1838—Decided December 31, 1984.)

*Messrs. Vorys, Sater, Seymour & Pease, Mr. James B. Cushman* and *Mr. Donald J. Shuller,* for appellants.

*Murphey, Young & Smith Co., L.P.A., Mr. David J. Young* and *Ms. Carole S. Genberg,* for appellees.

*Per Curiam.* The major issues presented by this appeal are as follows: Whether Gahanna, as a municipal corporation, is immune from tort liability on the grounds of sovereign immunity in the review of a subdivision plat; whether various public officials are subject to liability for their alleged bad faith in failing to approve a submitted final plat under either or both state law and Section 1983, Title 42, U.S. Code; and whether a municipal corporation is subject to liability under Section 1983 for the alleged wrongful delay in plat approval and for the actions of its mayor.

## I

The first issue presented is whether the city of Gahanna, being a municipal corporation, is immune from suit pursuant to the doctrine of sovereign immunity in the review and approval of a subdivision plat.

The rule of law as set forth in *Enghauser Mfg. Co.* v. *Eriksson Engineering Ltd.* (1983), 6 Ohio St. 3d 31, controls:

"1. The judicially created doctrine of municipal immunity is, within certain limits, abolished, thereby rendering municipal corporations subject to suit for damages by individuals injured by the negligence or wrongful

acts or omissions of their agents or employees whether such agents and employees are engaged in proprietary or governmental functions. (*Dayton* v. *Pease* [1854], 4 Ohio St. 80, and its progeny overruled; *Haverlack* v. *Portage Homes, Inc.* [1982], 2 Ohio St. 3d 26, followed and extended.)

"2. Under this decision abolishing municipal immunity, no tort action will lie against a municipal corporation for those acts or omissions involving the exercise of a legislative or judicial function or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion. * * *"

Under *Enghauser*, then, a municipality may be immune from suit based on either one of two bases. First, if the acts or omissions involved a legislative or judicial function, immunity will attach. This proviso is not applicable under these facts. In *Donnelly* v. *Fairview Park* (1968), 13 Ohio St. 2d 1 [42 O.O.2d 1], this court held that while a municipal council is a legislative body it may act either in an administrative or legislative capacity. The court then held at paragraph three of the syllabus that "[t]he failure or refusal of a municipal council to approve a plan for the resubdivision of land which meets the terms of a zoning ordinance already adopted and in existence is an administrative act * * *." Because this court can perceive of no meaningful distinction between the subdivision of land and resubdivision of land, this court, based upon the authority of *Donnelly,* holds that the failure or refusal of a municipal council to approve a subdivision plat is an administrative, not a legislative act and, as such, immunity is unavailable under the first prong of *Enghauser*. It is undisputed that council's action in setting the standards as well as the time limitations for subdivision plat approval did not involve the exercise of a legislative function for which immunity attached.

While the action of a municipal council approving a subdivision is administrative in nature, the defense of sovereign immunity is nevertheless available under *Enghauser* if such action involves "* * * the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion." Under the facts of this case, Gahanna City Council did exercise a high degree of official judgment or discretion in deciding whether to approve this subdivision plat and thus immunity attaches.

Appellants do not contest that council, in reviewing the final plat to determine if it satisfied the specific standards for final plats as set forth in the city code, exercises a high degree of discretion, and, accordingly, such actions were immune from suit under *Enghauser*. Contrary to appellants' assertion, however, this court finds that council's discretion extended beyond a determination as to whether the plat was technically in compliance with code specifications.

An examination of the record herein clearly indicates, and appellants' arguments so highlight, that council's decision as to whether to approve

this plat was directly impacted by its concern over storm drainage problems. This reason was made known to all. Admittedly, at the time the plat was submitted, the Drainage Standards Ordinance was not in effect.

Just prior to the plat submission, Gahanna had suffered two devastating floods. Hundreds of thousands of dollars of property damage resulted. Appellants were proposing increased development in an area which had proven itself to be prone to serious flooding. It would indeed be an injustice to the spirit of *Enghauser* to hold that, in spite of these expressed public policy concerns, council had no choice but to approve appellants' plat, thus forcing council to ignore the flooding and safety threats to the rest of the community. Such a holding would improperly restrict council's ability to make basic policy decisions as to the future and growth of Gahanna and would additionally impede its ability to prevent devastation caused by flooding in the future.

Futhermore, to accept appellants' contention that once council determined that the plat satisfied the specific code provisions, it had no further discretion would practically and effectively strip council of any independent duty with regard to plat approval. Such a holding would not be in accordance with Gahanna's code framework.

Section 1105.04 of the city code provides that "[a]ction will be taken [on a final plat] by the [Planning] Commission and by Council within thirty days after the filing. * * *"

This section clearly contemplates that both the planning commission and council will consider the plat. From a practical standpoint, the planning commission and its trained staff will make the technical determinations as to whether the submitted plat complies with all specified requirements. Applying appellants' rationale, *i.e.*, that council's discretion is limited to determining whether the plat met specified requirements, would relegate council's action solely to a rubber-stamp posture, for council, likely to be lacking the technical expertise to make such an evaluation, would simply be forced to accept the planning commission's determination.

It was not contemplated, however, that council would be relegated to the role of simply approving all plats found by the planning commission to be in compliance with local subdivision regulations. Section 1105.04 requires action by both the planning commission and council. Clearly, the intent of the legislation was to require council to exercise an independent duty in reviewing the plat and that this duty extend beyond technical compliance, *i.e.*, statutory compliance. Thus, consideration of the effects this proposed subdivision would have on the future and growth of Gahanna with respect to flood control problems was within the discretion of council in its basic policymaking formulation.

This court would note further points with regard to Section 1105.04. First, this section specifies the information that must be contained within

both the preliminary and final plats. It does not state that once these requirements are sufficed, plat approval is automatic.

Secondly, Section 1105.04 mandates that action must be taken on a plat within thirty days. In this case, counsel did act within thirty days—consideration of the ordinance was delayed pending investigation into flood control problems. This court does not interpret the phrase "action will be taken * * *'' in Section 1105.04 to necessarily mandate approval or disapproval. In this regard, the court would note that delay in the approval of the plat was not for the sake of delay itself, but, as discussed above, was for the stated purpose of considering the impact of the subdivision on flood control problems existing in the city. The delay was a direct result of basic policymaking and planning by council.

The decision of this court today, that under these facts, the city of Gahanna is immune from suit in approving this subdivision plat, is based on sound policy considerations. In *Enghauser,* this court continued tort immunity for activities involving basic planning and policymaking functions in recognition that the threat of tort liability for such activities could have a chilling effect on the ability of municipal governments to deal effectively with difficult policy issues which they must confront daily. The court in *Enghauser* remained acutely aware that such policymaking activities be at the heart of municipal governance, and that such essential acts of governmental decision-making should not be subject to judicial second-guessing or harassment by the actual or potential threat of litigation. *Enghauser, supra,* at 35.

As was stressed in *Enghauser,* " '* * * "[t]o inquire into such decisions in a tort suit might 'jeopardiz[e] the quality and efficiency of government itself' and endanger the creative exercise of political discretion and judgment through 'the inhibiting influence of potential legal liability asserted with the advantage of hindsight. ' '' '' ' '' *Id.*

## II

The second issue presented is whether individual members of the planning commission, council, and the mayor are subject to tort liability for allegedly failing to timely approve the submitted plat under either or both state law and Section 1983, Title 42, U.S. Code. This court holds that due to lack of evidence of bad faith, the individuals named are immune from suit.

In *Scot Lad Foods* v. *Secy. of State* (1981), 66 Ohio St. 2d 1 [20 O.O.3d 1], this court set forth the elements of Ohio's good faith immunity defense: the official's action must have been taken within the scope of his authority, the actions must have consisted of duties involving the exercise of discretion and judgment, and the individual actions must have been taken in good faith and without malice or corrupt motive.

Similarly, immunity, either absolute or qualified, attaches to officials in Section 1983 lawsuits. See Rhyne, Law of Local Government Operations (1980) 1070, Section 32.27.

In the instant case, the trial court properly granted summary judgment for the individually named defendants because the record was devoid of any evidence that any of them acted in bad faith. Ben W. Hale, Jr., the appellants' attorney at the city level, testified that he was never aware of any personal animosity, maliciousness or bad faith against the appellants. He acknowledged that the city officials had a real and honest concern about the flood damage and the impact this proposed subdivision would have thereon. The affidavits of each of the individual defendants attest to the fact that none bore malice toward any of the developers and that each felt he or she was acting in the interests of the entire community's public health, safety and general welfare. Indeed, appellants have conceded that the plat would have been approved, but for the water supply and storm drainage problems confronting the city. Under these facts, the trial court properly determined that there was no genuine issue of material fact as to the good faith of each individual defendant.

### III

The final issue presented is whether Gahanna, as a municipal corporation, is subject to liability pursuant to Section 1983 for its delay in approving appellants' subdivision plat. Based on these facts, this court does not find that a Section 1983 action lies herein.

This section provides in relevant part as follows:

"[1] Every person who, [2] under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, [3] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof [4] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. * * *"

The existence of the first three elements is not disputed. The trial court found, however, as a matter of law, that there was no deprivation of a right, privilege or immunity secured by the United States Constitution or federal law.

Appellants contend that Gahanna has "* * * by unlawfully delaying approval of the Final Plat and denying appellants the lawful use of their property, temporarily taken the property of appellants without just compensation, in violation of the Fifth Amendment * * *."

This court rejects this proposition. This court does not find that appellees acted unlawfully in delaying approval of the final plat. As discussed above, council did not act arbitrarily in delaying approval. Valid reasons were given for delay in the approval of the plat and council, in delaying approval of this particular plat, was exercising a planning function.

Moreover, this court does not find that the delay in approving a plat is sufficient to constitute a deprivation of a right guaranteed by the United States Constitution. Accord *Studen* v. *Beebe* (C.A. 6, 1978), 588 F. 2d 560.

Appellants have done no more than allege that the actions of Gahanna and its officials have deprived them of the most reasonable use of their property. The delay in this case simply does not rise to an unconstitutional taking.

This decision is based on sound policy considerations. Every decision respecting land and its use will have an effect on the value of the land. If a disappointed citizen could show an unconstitutional taking every time there was delay in plat approval, zoning requests, building permit issuance or the like, thus subjecting a city to potential liability, a municipality would be denied breathing space needed for responsible decision-making in the realm of urban planning. Accord *Southpark Square Limited* v. *Jackson* (C.A. 5, 1977), 565 F. 2d 338.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

W. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

CELEBREZZE, C.J., C. BROWN and J. P. CELEBREZZE, JJ., concur in part and dissent in part.

CELEBREZZE, C.J., concurring in part and dissenting in part. I concur in each portion of the majority opinion except that which relieves the Gahanna City Council from liability for failing to approve or reject the plat within thirty days after submission to council by the planning commission. With reference to the approval of final plats, Section 1105.04 of the Gahanna City Code requires that "[a]ction will be taken by the Commission and *by Council* within thirty days after the filing." (Emphasis added.)

In the case at bar, the only action taken by council within thirty days from the introduction of the proposed ordinance approving the plat was to postpone consideration of the ordinance. In fact, council postponed consideration of the ordinance a second time, thus allowing some *six months* to elapse before ultimately approving the plat. The majority sanctions such conduct by interpreting the word "action" in Section 1105.04 to include postponements and concludes, therefore, that council "acted" within the prescribed thirty-day period. The majority's interpretation renders Section 1105.04 a virtual nullity.

Under the majority view, the Gahanna City Council only has to enter a postponement of the plat approval within the thirty-day period prescribed by Section 1105.04. The inescapable conclusion is that council could potentially delay approval or rejection of a plat in perpetuity. In my view, this is precisely the situation sought to be avoided by Section 1105.04, *i.e.*, the interminable delay in approving or rejecting plats. It would seem that, once the technical aspects of plat formulation are complete, council's decision

whether to approve or reject the plat is not particularly complicated or so vexing such that more than thirty days are necessary for council to make its decision. Perhaps this thirty-day period was intended to avoid the scenario alleged in the case *sub judice* — a council that continues to postpone plat approval in order to force additional requirements to a plat already approved by the planning commission. The potential for abuse and possibly even corruption cannot be overlooked where council is granted such authority. For these reasons, I would interpret "action" as used in Section 1105.04 to mean either approval or rejection, but not postponement.

That being the case, I would recognize a cause of action for any damages that appellants could establish due to council's delay in approving the plat. Under *Enghauser Mfg. Co.* v. *Eriksson Engineering Ltd.* (1983), 6 Ohio St. 3d 31, no immunity should attach to council's decision to postpone approval or rejection of the plat since council lacked the discretion to postpone approval or rejection of the plat within the thirty-day period prescribed by the laws of Gahanna. Immunity under *Enghauser, supra,* only attaches to those governmental policy decisions involving "a high degree of official judgment or discretion." Inasmuch as council herein had no discretion to delay approval or rejection of the plat beyond the thirty-day period, council is not entitled to immunity under *Enghauser* from liability for damages that resulted from council's unlawful delay.

Accordingly, I dissent from that portion of the majority opinion that authorizes the Gahanna City Council to postpone approval or rejection of a plat beyond the thirty-day period prescribed by the Gahanna City Code.

C. BROWN and J. P. CELEBREZZE, JJ., concur in the foregoing opinion.