HULL, ADMR., *v.*
BALTIMORE & OHIO
RAILROAD COMPANY, APPELLANT;
BOARD OF TRUSTEES OF PLEASANT
TOWNSHIP, APPELLEE; BASALLA,
APPELLANT; DAVIS ET AL.,
APPELLEES.

(No. 86AP-847—Decided
March 31, 1987.)

*Ronald E. Plymale,* for Joseph W. Hull, Administrator of the Estate of Marie Basalla, deceased.

*Porter, Wright, Morris & Arthur* and *Patrick J. Smith,* for appellant Baltimore & Ohio Railroad Company.

*Schottenstein, Zox & Dunn* and *Rick E. Marsh,* for appellee Board of Trustees of Pleasant Township.

*William L. Stehle, Sheppard & Bale* and *Alan Wayne Sheppard,* for appellant Steve R. Basalla.

*Steven E. Hillman,* for Joseph E. and Emma Davis.

REILLY, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment to appellee Board of Trustees of Pleasant Township ("Pleasant Township") and dismissing it as a party in the action.

This action involves an automobile-train accident which occurred at the intersection of State Route 665 and the Baltimore & Ohio Railroad Company crossing in Pleasant Township, Ohio. The trial court held that Pleasant Township was entitled to the defense of sovereign immunity and that it had no duty to maintain the B&O Railroad crossing at State Route 665. Appellants Baltimore & Ohio Railroad Company ("B&O Railroad") and Steve R. Basalla have appealed the trial court's decision.

Appellant B&O Railroad advances the following assignment of error:

"The trial court erred in granting summary judgment to defendant-appellee Pleasant Township Board of Trustees because it was not immune from [liability] * * * based on sovereign immunity and it had a duty to properly maintain the roads within its jurisdiction."

Appellant Basalla asserts four assignments of error:

"I. The decision of the trial court was improper and unreasonable in form based on Civil Rule 56(D). Said decision *by implication* holds that the Pleasant Township Board of Trustees has the right to maintain a nuisance within its jurisdiction after actual notice of such nuisance. This holding is unlawful, unreasonable, improper and should be reversed.

"II. The trial court erred in disregarding the arguments and record advanced on the issue of nuisance, and its finding of 'no genuine issue of material fact' is error, because reasonable minds could come to a conclusion adverse to defendant-appellee, particularly since the court impliedly found a breach of duty. Said finding is unreasonable and improper and should be reversed.

"III. The trial court erred in concluding as a matter of law that the Pleasant Township Board of Trustees was shielded from liability herein by sovereign immunity. Said conclusion is not supported by the record and is illegal, unreasonable, improper and should be reversed.

"IV. Genuine issues of material fact exist regarding the Pleasant Township Board of Trustees['] statutory duties to maintain the safety of railroad grade crossings within its jurisdiction, and the court erred in granting summary judgment in favor of the township."

Pleasant Township was granted summary judgment pursuant to Civ.

R. 56(C), which provides, in pertinent part, that:

"* * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

The assignments of error are interrelated and raise the following issues: (1) whether Pleasant Township had a statutory duty to install and maintain safety devices at the B&O Railroad crossing at State Route 665; (2) whether Pleasant Township is entitled to the defense of sovereign immunity; and (3) whether there is a cause of action in tort against Pleasant Township for its failure to abate an alleged nuisance.

The first issue presented by B&O Railroad's assignment of error and Basalla's fourth assignment of error is whether Pleasant Township had a statutory duty to install and maintain safety devices at the railroad crossing.

Appellants have cited numerous statutes in support of the contention that Pleasant Township had a statutory duty to maintain the roads within its jurisdiction and to adequately install traffic control devices, including the installation of warning devices at railroad crossings. The provisions in those statutes do not support appellants' conclusion. See R.C. 5571.10 (now repealed), 5571.02, 5535.08, 4511.11, 4955.20, 4955.21 and 4511.16. The railroad crossing intersects a state road within the jurisdiction of Pleasant Township. It does not intersect a township road. It is the duty of the state to repair and maintain State Route 665. R.C. 5535.08.

A township may by agreement contribute to the repair and maintenance of roads under the control of the county or state. Although R.C. 5571.02 imposes a mandatory duty on townships to maintain and repair township roads, "[t]he board of township trustees may * * * maintain or repair * * * [an] intercounty highway, or state highway within the limits of its township," with the approval of the board of county commissioners or the Director of Transportation. Hence, it is the statutory duty of Pleasant Township to repair and maintain its township roads; but, it is within the discretion of Pleasant Township to expend funds for the repair and maintenance of state roads within its jurisdiction.

R.C. 5571.10 (now repealed) did not impose liability upon a township for the failure to install safety devices at a railroad crossing within the jurisdiction of the township, but only "impose[d] liability upon township trustees arising out of their negligence solely with regard to the performance of their official duties regarding roads and bridges as prescribed in R.C. Chapter 5571, and [did] not * * * impose liability upon township trustees for their negligence generally." See *Forbis* v. *Springfield Twp. Trustees* (1978), 56 Ohio App. 2d 249, 10 O.O. 3d 266, 382 N.E. 2d 781, paragraph one of the syllabus. There are no allegations that the township has failed in its duty to repair or maintain township roads or bridges.

Appellants contend that the Supreme Court's interpretation of R.C. 4511.11 in *Royce* v. *Smith* (1981), 68 Ohio St. 2d 106, 22 O.O. 3d 332, 429 N.E. 2d 134, is applicable in this case to impose liability upon Pleasant Township. The decision in *Royce,* however, does not support that position. In *Royce,* the court held that a valid claim had been asserted against the township trustees for their alleged negli-

gence in failing to maintain a stop sign located on a township road. The claim was valid in *Royce* because R.C. 4511.11 imposed an express statutory duty upon a township to maintain stop signs on township roads.

Appellants rely upon R.C. 4955.20, 4955.21 and 4511.61 as imposing a duty upon a township to place warning devices at railroad crossings. R.C. 4955.20, in conjunction with R.C. 4955.21, grants a township the discretionary power to "fix and determine the kind and extent, and the time and manner of constructing, crossings and approaches outside of municipal corporations." If the township chooses to exercise its discretionary power under R.C. 4955.20, the township may so notify the railroad. If the railroad fails to comply with the notice setting forth the manner in which the railroad crossing is to be constructed or repaired, the township may perform the necessary construction or repairs and then bring a civil action against the railroad to recover its costs. R.C. 4955.21. Hence, neither R.C. 4955.20 nor R.C. 4955.21 imposes an express statutory duty upon Pleasant Township to install or maintain safety devices at the B&O Railroad crossing which intersects State Route 665 within its jurisdiction.

Therefore, this court finds that Pleasant Township had no statutory duty to install and maintain safety devices at the B&O Railroad crossing. Thus, that part of appellant B&O Railroad's assignment of error which addressed this issue and appellant Basalla's fourth assignment of error are not well-taken.

The next question raised by appellant B&O Railroad's assignment of error and appellant Basalla's third assignment of error is whether Pleasant Township is entitled to the defense of sovereign immunity. The case of *Enghauser Mfg. Co.* v. *Eriksson Engineering Ltd.* (1983), 6 Ohio St. 3d 31, 6 OBR 53, 451 N.E. 2d 228, is controlling on this issue. In *Enghauser,* the court presented the following guidelines for determining whether the judicially created doctrine of sovereign immunity is waived thereby rendering a municipal corporation subject to an action for damages for wrongful acts or omissions of its agents or employees. There is no tort action against a municipal corporation for those acts or omissions involving the exercise of a legislative or judicial function, or an executive or planning function concerning basic policy decisions which are characterized by the exercise of a high degree of official judgment or discretion. However, once the decision has been made to engage in a certain activity or function, municipalities will be held liable the same as private corporations and persons for the negligence of their employees in the performance of their duties. *Id.* at paragraph two of the syllabus. The analysis employed in *Enghauser* was extended to townships as well as municipalities in *Schroeder* v. *Moore* (1984), 15 Ohio App. 3d 40, 15 OBR 62, 472 N.E. 2d 392.

The decision of the Board of Trustees of Pleasant Township not to install or maintain safety devices at the railroad crossing was an exercise of an executive or planning function involving a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion. See, also, *C&D Partnership* v. *Gahanna* (1984), 15 Ohio St. 3d 359, 15 OBR 480, 474 N.E. 2d 303.

The policy decision as to how and for what purpose township funds are to be allocated is also a legislative function. Tort immunity applies "for activities involving basic planning and policymaking functions in recognition that the threat of tort liability for such activities could have a chilling effect on the ability of municipal governments to

deal effectively with difficult policy issues which they must confront daily," and, therefore, governmental decision-making for such activities should not be "subject to judicial second-guessing or harassment by the actual or potential threat of litigation." *C&D Partnership, supra,* at 364, 15 OBR at 484, 474 N.E. 2d at 307. To hold otherwise would be to jeopardize the quality and efficiency of government itself in Pleasant Township. *Id.*

Appellants maintain that a series of Supreme Court decisions subsequent to *Enghauser* have curtailed the doctrine of sovereign immunity to the point of virtual elimination. The cases which appellants rely upon are factually distinguishable since they involved the negligent performance or nonperformance of activities concerning previously established policies or plans.

For example, in *Strohofer* v. *Cincinnati* (1983), 6 Ohio St. 3d 118, 6 OBR 178, 451 N.E. 2d 787, the court held that the city of Cincinnati could be held liable for the faulty design and placement of traffic control devices in a manner that confused motorists at the intersection where a collision occurred. The *Strohofer* case is distinguishable, because in *Strohofer* the city's liability was based upon alleged negligence *in erecting and maintaining* traffic control devices with the result that sovereign immunity was not available as a defense. In this case, Pleasant Township *made a policy decision not to engage* in the activity of installing and maintaining safety devices at the B&O Railroad crossing. Hence, the decision in *Strohofer* not only can be reconciled with the decision in *Enghauser,* but is consistent with the principles expressed therein.

The *O'Brien* v. *Egelhoff* (1984), 9 Ohio St. 3d 209, 9 OBR 520, 459 N.E. 2d 886, and *Mathis* v. *Cleveland Public Library* (1984), 9 Ohio St. 3d 199, 9 OBR 511, 459 N.E. 2d 877, decisions also do not support appellants' position that Pleasant Township is not entitled to the defense of sovereign immunity. In *O'Brien,* the plaintiffs alleged that the city's unreasonable enforcement of its code caused delays in the completion and occupancy of a housing project owned, constructed, and managed by plaintiffs. The court held that the defense of sovereign immunity did not apply to the activities of issuing building permits, enforcing building codes, and making inspections.

The *Mathis* case involved an action by a mother of a child who had been seriously injured when he was struck by a car while leaving the city library bookmobile. The claims of negligence were based upon the manner in which the library engaged in operating the bookmobile. In accordance with the *Enghauser* decision, the court found that a public library could be held liable for the negligent acts or omissions of its employees.

In sum, this case is distinguishable from the circumstances surrounding the *Strohofer, O'Brien* and *Mathis* decisions. Pleasant Township made a basic policy decision characterized by a high degree of official judgment or discretion, and thus is entitled to the defense of sovereign immunity.

Appellant B&O Railroad's assignment of error and appellant Basalla's third assignment of error are not well-taken.

The final issue raised by appellant Basalla's first and second assignments of error is whether there is a viable action in tort against Pleasant Township for its failure to abate an alleged nuisance. Appellant alleges that the railroad crossing constituted a nuisance. Nevertheless, there are no genuine issues of fact raised that the crossing was a nuisance.

Appellant maintains that Pleasant Township breached its official duty under former R.C. 5571.10 to abate a

nuisance. He relies in part upon R.C. 723.01, which states that a municipal corporation shall keep the streets in repair, and free from nuisance. Former R.C. 5571.10, which provided for the imposition of liability upon township trustees, did not include the catch-all "free from nuisance" language of R.C. 723.01.

As indicated above, it was not a part of the official duties of the Board of Trustees of Pleasant Township to install and maintain safety devices at the B&O Railroad crossing. Pleasant Township cannot be found liable in tort for a failure to abate an alleged nuisance.

Appellant Basalla's first and second assignment of error are not well-taken.

For the foregoing reasons, appellant B&O Railroad's assignment of error and the assignments of error of appellant Basalla are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

McCORMAC and BOWMAN, JJ., concur.