STELLAR SATELLITE SYSTEMS, INC. et al., Appellants,

v.

CITY OF WARRENSVILLE HEIGHTS et al., Appellees.

[Cite as *Stellar Satellite Sys., Inc. v. Warrensville Hts.* (1991), 76 Ohio App.3d 706.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59633.

Decided Dec. 30, 1991.

*Melling, Junkin & Bell* and *Blair N. Melling;* and *Morton S. Negin,* for appellants.

*Reminger & Reminger* and *Clifford C. Masch; Reddy, Grau & Meek* and *Ross S. Cirincione,* for appellees.

HARPER, Judge.

I

Appellants, Stellar Satellite Systems, Inc., John Asimou and Homer Moton, appeal from the judgment of the Cuyahoga County Court of Common Pleas which granted summary judgment for appellees city of Warrensville Heights ("the city") and the city council. Appellants filed this action against appellees, Warrensville Heights and members of the city council who participated in the vote that led to appellants' complaint. For the reasons that follow, we reverse.

## II

Homer Moton is the owner of a residence located at 4887 Annette Place in Warrensville Heights, Ohio. Stellar Satellite Systems, Inc. ("Stellar") is an Ohio corporation, engaged in the business of selling, installing and maintaining satellite-receiving devices and related items to the general public. John Asimou is the principal shareholder of Stellar.

In March 1986, Moton purchased a twelve-foot Satellite Earth Station Receiving System from Stellar. At the time of the purchase of the satellite, the city had an ordinance in effect which required that all installations of earth-receiving stations be preceded by a permit issued by the city council.

Between March 25 and April 2, 1986, Stellar submitted the application for a permit, paying all the requisite fees to the city planning commission which first met to consider Stellar's application on April 14, 1986. No decision was made and the application was held over.

On June 9, 1986, the commission reviewed Stellar's application and found it in compliance with the city ordinance and approved the application subject to Moton's planting evergreen trees along the rear property line and along the right property line. On June 17, 1986, Stellar's application came before the city council. The council failed to act on the application and referred it to committee for further action. The committee to which the application was referred was composed of the entire city council. In subsequent other meetings held by council, Stellar's application was neither discussed nor acted upon.

On July 1, 1986, the city council, acting by resolution, declared a moratorium on the issuance of permits for the installation of satellite stations and other similar structures.

On July 15, 1986, the city council approved two applications for permits to install satellite earth-station receiving devices within city limits at residential properties. According to Stellar, the two applications were approved without referral to committee.

Stellar's complaint alleged that the city ordinance on the granting and denying of applications for the installation of satellite dishes was unconstitutional on its face or as applied to its application. It further contended that the city failed to advance any legitimate municipal purpose for its failure to act or rule on its application, "since said installation complied with the city's ordinances and had been approved by the City Planning Commission." The complaint further alleged that the city wrongfully and illegally tabled the application and allowed it to die in committee without further action.

### III

Appellants' sole assignment of error states as follows:

"The trial court erred in granting defendant's motion for summary judgment."

First, we find that the trial court's grant of summary judgment for the city renders the action against other defendants moot, thereby making this case a final appealable order. See *Wise v. Gursky* (1981), 66 Ohio St.2d 241, 20 O.O.3d 233, 421 N.E.2d 150.

Civ.R. 56(C) states in pertinent part as follows:

"(C) * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

The Ohio Supreme Court established the guidelines for granting motions for summary judgment when it held in *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2–3, 24 O.O.3d 1, 2, 433 N.E.2d 615, 616, that:

" 'Summary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. *Petroff v. Commercial Motor Freight, Inc.* (1960), 82 Ohio Law Abs. 433 [12 O.O.2d 484, 165 N.E.2d 840]; *Horvath v. Fisher Foods, Inc.* (1963), 93 Ohio Law Abs. 182 [28 O.O.2d 113, 194 N.E.2d 452]; *Norman v. Thomas Emery's Sons, Inc.* (1966), 7 Ohio App.2d 41 [36 O.O.2d 95, 218 N.E.2d 480]; *Morris v. First Natl. Bank & Trust Co.* (1970), 21 Ohio St.2d 25 [50 O.O.2d 47, 254 N.E.2d 683]. A successful motion for summary judgment rests on the two-part foundation that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Kwait v. John David Management Co.* (1974), 42 Ohio App.2d 63 [71 O.O.2d 425, 329 N.E.2d 702].' *Vetovitz Bros., Inc. v. Kenny Constr. Co.* (1978), 60 Ohio App.2d 331, 332 [14 O.O.3d 292, 293, 397 N.E.2d 412, 414]."

In the within case, appellants argue that summary judgment is improper where there are material issues of fact yet to be resolved. We agree. Appellants have set forth facts that preclude a summary dismissal of their action as a matter of law. Appellants argue that the city's failure to act on their application either denying it or granting same was inappropriate. In essence, appellants argue that the city's failure to either deny or grant their application was arbitrary and capricious, and deprived them of their right to use their property. Appellees argue that the city acted properly because appellants failed to comply with the conditions set forth by the city planning commission before a permit could be granted. Appellees' argument would be plausible if appellants were challenging the city's decision to deny their application. Appellants had a due process right to be informed one way or the other about the status of their application.

Equally in issue is the implication of the FCC-issued order entitled "Preemption of Local Zoning of earth stations," Section 25.104, Title 47, C.F.R., to the city ordinance and conduct. The order provides, in pertinent part, that:

"State and local zoning or other regulations that differentiate between satellite receive-only antennas and other types of antenna facilities are preempted unless such regulations:

"(a) Have a reasonable and clearly defined health, safety or aesthetic objective; and

"(b) Do not operate to impose unreasonable limitations on, or prevent, reception of satellite delivered signals by receive-only antennas or to impose costs on the users of such antennas that are excessive in light of the purchase and installation cost of the equipment." See, also, 51 F.R. 5519, 5522 (1986).

Assuming *arguendo* that the city's failure to act was in accordance with its reasoning above, there remained the issue of whether the city's conditions were in compliance with federal regulations, to wit: imposing unreasonable limitations on reception or imposing costs on the use disproportionate to appellant Moton's total investment in antenna equipment and installation, all of which are issues of fact.

The record shows also that the city issued a moratorium on applications for erection of satellite dishes while appellants' application was pending. Appellants argue that while the moratorium was in effect, the city granted permits to two individuals to erect satellite dishes without the necessity of a referral to any committee. Appellees argue that the moratorium was an emergency measure brought about by the city's use of its police powers to protect the safety and welfare of its citizens. While we agree that a municipality has the power to enact ordinances for the preservation of the public peace, health or safety, such ordinances are not given absolute immunity from challenge. Where an ordinance infringes on a fundamental right of a

citizen, such ordinance is not immune from a legal challenge and the municipality must demonstrate that such legislation is constitutionally adequate. The intention of the legislature in empowering city council to regulate satellite systems in the communities is to permit localities to influence the activities of local businesses that might affect the health and safety of its citizens. This discretionary power of regulation might have been vested elsewhere, but, wherever vested, it must be exercised in good faith for the purpose for which it was given. Bad faith of a council in passing an ordinance regulating the use of satellite antennas, and arbitrary and unreasonable regulations are a proper subject of inquiry when put in issue. See *State ex rel. Atty. Gen. v. Ironton Gas Co.* (1881), 37 Ohio St. 45.

It is a well-settled rule of law in all jurisdictions of this nation that the government, which includes state, local and federal, is forbidden by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution from treating differently two citizens who are equally situated in the enforcement of its laws or ordinances. Due process of law and the equal protection of the laws are secured "if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government." *Duncan v. Missouri* (1894), 152 U.S. 377, 14 S.Ct. 570, 38 L.Ed. 485; *Leeper v. Texas* (1891), 139 U.S. 462, 11 S.Ct. 577, 35 L.Ed. 225. In the within case, appellants argue that the city approved two applications for two other individuals seeking the installation of satellite dishes in spite of the moratorium, while their application was left to die in committee. Appellees did not refute appellants' allegation. It goes without saying, therefore, that there are issues of material fact whether the city (1) violated appellants' Fourteenth Amendment rights of equal protection; (2) whether the city council's referral of appellants' application to a committee, which was composed of the same members of the council, and the subsequent inaction by both the council and the committee, were done in good faith and were reasonable, and not arbitrary and capricious given the facts. See *C & D Partnership v. Gahanna* (1984), 15 Ohio St.3d 359, 15 OBR 480, 474 N.E.2d 303; and (3) whether such action caused injury to appellants. See *O'Brien v. Egelhoff* (1984), 9 Ohio St.3d 209, 9 OBR 520, 459 N.E.2d 886. We hold that where a party alleges sufficient facts to demonstrate that his constitutional rights were violated, it is improper to grant summary judgment to the government without a proper showing that the violation was constitutionally permissible.

Appellees' motion for summary judgment fails. Appellants' complaint should be heard on the merits. Appellants' assignment of error is well taken and, therefore, sustained. The trial court's judgment is reversed.

*Judgment reversed*
*and cause remanded.*

ECONOMUS, J., concurs.

NAHRA, P.J., concurs separately.

PETER C. ECONOMUS, J., of the Mahoning County Court of Common Pleas, sitting by assignment.

NAHRA, Presiding Judge, concurring.

Based on the facts in the record, the city council should have issued this permit. If after receiving the permit the property owner's installation did not comply with the law in some respect, then other avenues of relief would be available to the city. I do not think the city could require extensive screening and landscaping while keeping the property owner in the dark as to whether he would ever get a permit.