OPINION
Appellants, Michael G. Casale, et. al., appeal the judgment entry of the Trumbull County Court of Common Pleas granting summary judgment in favor of appellees, Howland Township Board of Trustees and Gordon McLean ("McLean").
The pertinent facts to this appeal begin in 1965, when Lewis and Mary Dillon ("the Dillons"), who owned the mobile home park at issue in this matter, were granted a variance by the Howland Township Board of Zoning Appeals ("the Board"). The variance permitted the Dillons to expand the park by adding fifty additional parking pads/units. No appeal was taken from the Board's decision.
In 1970, the Dillons conveyed their property to appellants. In 1975, the zoning inspector, then in office, advised appellants that the variance given to the Dillons also allowed them to expand the park by fifty parking pads. In 1987, however, Gordon McLean, the Howland Township zoning inspector at the time, refused to issue a zoning certificate to appellants allowing for the expansion of the mobile home park from fifty-four units to one hundred four units. In 1989, appellants filed a complaint seeking a writ of mandamus compelling McLean to issue a zoning certificate in compliance with the 1965 variance. The trial court ruled in favor of McLean.
On appeal to this court in the case of State ex rel. Casale v.McLean (Dec. 15, 1989), Trumbull App. No. 89-T-4200, unreported, this court concluded that McLean was required to abide by the variance and, thus, granted appellants' writ of mandamus. On appeal, the Supreme Court of Ohio, in State ex rel. Casale v.McLean (1991), 58 Ohio St.3d 163, affirmed the judgment of this court.
After the Ohio Supreme Court's decision, appellees issued a zoning permit for the fifty additional mobile home pads in June or July 1991, but subsequently filed a complaint on October 17, 1991. In the complaint, appellees sought to restrict the zoning permit issued to allow only an additional forty-six units, instead of fifty, due to the fact that subsequent to the variance being granted in 1965, the Dillons constructed an additional four pads, bringing the total units to fifty-eight. Appellees argued that prior to the variance, the total number of units was fifty-four, and with the variance, the total allowable units should be one hundred four. Appellees thus argued that the Supreme Court's order must be amended to allow only forty-six additional pads, in order to result in a total of one hundred four units.
On November 12, 1991, appellants filed an answer and a counterclaim asserting six causes of action. In the fourth cause of action, which is the only cause of action at issue in this appeal, appellants alleged that the failure and refusal of McLean to issue a zoning permit was willful and wanton and in violation of their Fifth and Fourteenth Amendment rights not to be deprived of property without due process of law and right not to have property taken for public use without just compensation. Appellants also averred that appellees' actions violated42 U.S.C. Sections 1983 and 1988 for deprivations of their Fifth andFourteenth Amendment rights under color of law and for tortuous behavior and violations of Ohio statutes and state constitution.
On November 22, 1991, the trial court issued a temporary injunction, restraining appellants from constructing more than one hundred four total trailer park spaces until further order of the court. A hearing was held on appellees' complaint. In a September 30, 1992 judgment entry, the trial court determined that due to the addition of four units after the variance, which was not made a fact in the cases which resulted in the Supreme Court's decision, appellants were entitled to build forty-six more units by virtue of the Supreme Court's decision that the variance was valid, bringing the total allowable units to one hundred four.
However, the trial court also determined that after the Supreme Court's decision, appellants reapplied for a permit to construct fifty-four pads instead of the fifty units permitted under the variance. In addition, the court found that McLean agreed to amend the application to permit fifty additional pads on June 25, 1991, and unilaterally amended that zoning permit to forty-six units on July 30, 1991. Moreover, the court determined that the zoning permit allowing fifty pads, issued June 25, 1991, must be enforced because under R.C. 519.15, the Board had twenty days to appeal the decision of the zoning inspector, which was not done. Thus, the court concluded that the Board was correct in determining that only forty-six units could have been built after the Ohio Supreme Court's earlier decision in this case, but that fifty additional units were permitted due to the zoning permit issued on June 25, 1991. Accordingly, appellees' request for a permanent injunction was denied.
In regard to appellants' counterclaim, the court held that the Board correctly interpreted the prior Supreme Court ruling in believing that only forty-six additional units could be added since four sites had been previously added. The court also held that since there was a justiciable question concerning the validity of the zoning permit issued on June 25, 1991, appellees had valid reasons for delaying the issuance of the permit sought by appellants; which indicated that the refusal to issue a zoning permit was not in violation of appellants' Fifth orFourteenth Amendment rights or 42 U.S.C. § 1983 and 1988. Consequently, the trial court overruled appellants' counterclaim for damages.
On October 9, 1992, appellants filed a motion for a new trial on the basis that the trial court improperly denied their counterclaim in the September 30, 1992 judgment entry. Furthermore, on December 8, 1992, appellees filed a motion for summary judgment on appellants' first, second, third, and fourth causes of action in the counterclaim, giving rise to the issue which this court must address in this appeal. In an entry dated February 8, 1993, the trial court granted appellants' motion for a new trial on their counterclaim and ordered the matter to proceed.
On September 11, 1998, appellees' motion for summary judgment on appellants' first, second, and third causes of action was denied. However, summary judgment was granted on the fourth cause of action on the basis that appellants failed to advance their claim with any submissions of supporting facts. Appellants timely filed this appeal, and now assert the following assignment of error:
 "The trial court committed prejudicial error and abuse of discretion in sustaining appellees' motion for summary judgment and precluding recovery by appellants under 42 U.S.C. § 1983."
Appellant claims that it was error for the court to require the non-moving party to submit more than mere allegations of fact in support of their cause of action in order to withstand appellees' motion for summary judgment. Appellant further claims that when a zoning inspector unreasonably withholds the issuance of a zoning permit for four and one-half years from the date of the application, and a court of law has held that the permit should have been issued, the injured party is entitled to damages under 42 U.S.C. § 1983.
A motion for summary judgment is governed by Civ.R. 56. Pursuant to Civ.R. 56(C), a party is entitled to summary judgment if he or she demonstrates that there exists no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. See, also, Dresher v. Burt (1996), 75 Ohio St.3d 280,296. When a counterclaim is asserted against a party, that party "may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the * * * counterclaim * * *." Civ.R. 56(B). Importantly, in Jackson v. Alert Fire Safety Equip. (1991),58 Ohio St.3d 48, 51-52, the Ohio Supreme Court wrote:
 "In reading [Civ.R. 56](C) in association with subsection (E), it can be readily seen that once a party moves for summary judgment and has supported his or her motion by sufficient and acceptable evidence, the party opposing the motion has a reciprocal burden to respond by affidavit or as provided in section (C) setting forth specific facts
explaining that a genuine issue for trial exists. See Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115." (Parallel citations omitted).
The party moving for summary judgment will have supported his or her motion when that party has informed the trial court of the basis for the motion and identified "those portions of the recordwhich demonstrate the absence of a genuine issue of fact on amaterial element of the nonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), * * *." (Emphasis sic.) Dresher,75 Ohio St. 3d at 296.
In the instant matter, appellees supported their motion by pointing out that appellants' counterclaim fails to advance facts supporting their 42 U.S.C. § 1983 claim. Under Dresher, appellees' allegations supported their motion for summary judgment because it pointed to the counterclaim, which is a portion of the record, and demonstrated the absence of genuine issues of fact on a material element of appellants' claim. Therefore, underJackson, appellants had the burden to set forth specific facts explaining that a genuine issue exists for trial. Accordingly, contrary to appellants' assertions, the trial court did not err in requiring appellants to submit something more than mere conclusory allegations which did not set forth facts to support it.
In their second claim, appellants argue that appellees violated 42 U.S.C. § 1983 by failing to grant them a zoning permit in 1987 allowing for the construction of fifty additional units. Based upon the Ohio Supreme Court's ruling that appellees must issue a zoning permit in accordance with the 1965 variance, appellants contend that appellees' failure to do so for over four years constituted a taking for public use without just compensation and a deprivation of their property rights without due process of law. Appellants argue that their Fifth andFourteenth Amendment rights were thus infringed.
42 U.S.C. § 1983 states:
 "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, * * *." (As amended October, 19, 1996.)
State common pleas courts have concurrent subject matter jurisdiction over actions brought under 42 U.S.C. § 1983. See, generally, Cooperman v. Univ. Surgical Assoc. (1987),32 Ohio St.3d 191. In order to succeed under42 U.S.C. § 1983, the party alleging its violation must show that a clearly established United States law or constitutional right was violated.Shirokey v. Marth (1992), 63 Ohio St.3d 113, 116;Miller v. Leesburg (1993), 87 Ohio App.3d 171, 178, citing Anderson v. Creighton (1987), 483 U.S. 635. In addition, although municipalities are not totally immune from being sued under Section 1983, they cannot be sued for the result of actions of their employees unless the employee acted as a result of official policy. See, generally, Monell v. Dept. of Social Servs. of New York
(1978), 436 U.S. 658.
In the case of CD Partnership v. Gahanna (1984), 15 Ohio St.3d 359,365-366, appellants contended that a delay by the local government in approving a plat for a proposed subdivision did not constitute a temporary taking of the property without just compensation, in violation of the Fifth Amendment, because the evidence showed that there were valid reasons for the delay. Moreover, the court held that the delay in approving the plat did not deprive the appellants of a right guaranteed by the U.S. Constitution, since at most, the delay deprived them of the most reasonable use of their land, which does not rise to an unconstitutional taking. Id. In State ex rel. BSW Dev. v. Dayton
(1998), 83 Ohio St.3d 338, 343, the Ohio Supreme Court held that the denial of a property-use permit constitutes a regulatory taking only if the permit is wrongfully denied and the effect of such denial precludes all economically viable uses of the land in issue.
In our case, the delay in issuing the appropriate zoning permit to appellants resulted from valid reasons for the delay. Indeed, appellees resisted issuing the permit allowing fifty additional units simply because four additional units had been built after the variance was issued in 1965, so if the permit was issued in 1987, then the total allowable units would be one hundred eight, instead of one hundred four, as allowed in the 1965 variance. Additionally, although the Ohio Supreme Court previously held, in this case, that appellees must issue the permit for fifty additional pads, the trial court, in this appeal, subsequently determined in its judgment entry that appellees were correct in arguing that the permit only should be written to allow forty-six additional pads since four additional pads were constructed after the variance. The trial court held that the addition of the four pads was a fact not presented to this court and the Supreme Court in the previous appeal in this matter.
In addition, under the holding of Dayton, the wrongful refusal to issue a permit will not constitute an unconstitutional taking unless the effect of the refusal is to render the land devoid of all economically viable uses. Importantly, appellants failed to assert that the denial of the zoning permit rendered their land devoid of all economically viable uses, and we fail to conclude that it did. Therefore, appellees cannot be said to have violated42 U.S.C. § 1983 by unconstitutionally taking appellants' land.
Appellants also aver that they were deprived of their property without due process. In 1946 St. Clair Corp. v. Cleveland (1990),49 Ohio St.3d 33, syllabus, the Supreme Court held that "[t]o assert a claim under Section 1983, Title 42, U.S. Code and theFourteenth Amendment for deprivation without due process of a purely economic interest, a plaintiff must allege and prove inadequacy of state remedies."
In this case, appellants contend that only their economic interests were impaired. Indeed, appellants only complaint is that the four and one-half year delay in obtaining the permit resulted in lost profits. Also, appellants failed to allege that state remedies were inadequate to address the zoning permit issue. Accordingly, under the holding of 1946 St. Clair Corp., appellants have failed to properly assert an action under Section 1983.
Due to the fact that appellants have failed to show that they were deprived of their due process rights or that appellees' actions constituted an unconstitutional taking under the United States Constitution, appellants' assignment of error is without merit.
For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.
 __________________________________________ JUDGE MARY CACIOPPO, Ret., Ninth Appellate District, sitting by assignment.
NADER, P.J., O'NEILL, J., concur.