**Paul BRAUCH, Appellant,**

v.

**William F. MELICK, M.D., Respondent.**

**Nos. 36580, 36581.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

July 20, 1976.

James F. Koester, St. Louis, for appellant.

Anderson, Gilbert, Wolfort, Allen & Bierman, Robert G. Burridge, Stuart M. Haw, Jr., St. Louis, for respondent.

SMITH, Chief Judge.

Defendant Melick appeals from the action of the trial court in denying his motion for directed verdict following a jury verdict in favor of plaintiff Brauch. While the trial court denied the motion for directed verdict, it did grant the defendant's motion for new trial.

We are confronted initially with plaintiff's motion to dismiss the appeal. Some additional statement of the posture of this case is required. Following the action of the trial court, defendant filed his notice of appeal. Plaintiff then filed his notice of appeal challenging the action of the trial court in granting a new trial. The appeals were consolidated for hearing by this Court on its own motion.

Defendant filed a transcript in his appeal, prior to the order of consolidation. Plain-

tiff filed no transcript, did not request the defendant's transcript be treated as a transcript in plaintiff's appeal, and did not file any brief in either case. Defendant filed a "Statement, Brief and Argument of Appellant" in his appeal.

As can be seen, plaintiff has done nothing in his appeal except file a notice of appeal. In that posture the appeal has not been perfected and should be dismissed. *Williams v. Ellis,* 323 S.W.2d 238[1] (Mo. 1959); *City of Kirkwood v. Missouri State Board of Mediation,* 478 S.W.2d 690[15] (Mo.App.1972).

It is also clear that the denial of defendant's motion for directed verdict is not an appealable order since the trial court granted the motion for new trial. *Bailey v. Interstate Airmotive,* 358 Mo. 1121, 219 S.W.2d 333[1] (1949); *Gier v. Clark,* 300 S.W.2d 519 (Mo.1957). Such an appeal must be dismissed. It is true, as defendant contends that the courts have stated such a dismissal is more "academic than real." See *Schmittzehe v. City of Cape Girardeau,* 327 S.W.2d 918[1] (Mo.1959). This is normally true because the submissibility of plaintiff's case may be considered on plaintiff's appeal. Here, however, the matter is not academic. Plaintiff's appeal must be dismissed because it has not been perfected and defendant's appeal cannot stand because it is taken from a non-appealable order.

Appeals dismissed.

ALDEN A. STOCKARD and NORWIN D. HOUSER, Special Judges, concur.