**Claude William LEE and Lorita Lee, Appellants,**

v.

**TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, Respondent.**

**No. 46831.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 6, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 1984.

Mark I. Bronson, St. Louis, for appellants.

Robert C. Ely, St. Louis, for respondent.

CRANDALL, Judge.

A jury's verdict in this wrongful death action awarded appellants Claude William Lee and Lorita Lee (plaintiffs) $50,000 for the death of their son, who was lying between the rails on the respondent's (defendant's) railroad track when he was struck and killed by defendant's train. After the verdict, defendant filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court overruled the motion for judgment n.o.v. but set the verdict aside and ordered a new trial on the ground that plaintiffs' verdict-

directing instruction[1] and another defining the term "negligence"[2] combined to erroneously premise defendant's liability on its failure to exercise "the highest degree of care." We affirm.

■ The question, simply, is whether defendant must exercise "the highest degree of care" in keeping a lookout for persons on its railroad tracks. The answer is found in *Coonce v. Missouri Pacific Railroad Co.*, 358 S.W.2d 852, 854 (Mo.1962):

> A railroad track is private property and the railroad generally has the exclusive right to the use of its tracks except at public crossings or in certain situations at other places where it has actual or constructive notice of habitual use of its tracks by the public. * * * At places where the railroad has no right to expect a clear track its duty is to exercise ordinary care to maintain a lookout for persons upon the track; and at all other places there is no duty on the trainmen to act until they actually see a person, a trespasser, in danger.

It is arguable that at the place of the accident defendant had no right to expect a clear track. There was evidence that the track at that point ran through a residential area and that children frequently were seen on the track there, indicating the location may have been one of those "places of

1. Plaintiffs' verdict director, a blend of MAI Nos. 17.15 and 20.01 (the propriety of which we do not review) reads:
   Your verdict must be for plaintiffs if you believe:
   First, plaintiffs are the mother and father of David Lee, deceased, and
   Second, David Lee was in a position of immediate danger of being injured and was injured, and
   Third, defendant knew or by using the highest degree of care could have known of such position of immediate danger, and
   Fourth, at the moment when defendant first knew or could have known of such position of immediate danger, defendant still had enough time so that by using the means available to it and with reasonable safety to it and all others and by using the highest degree of care it could have avoided injury to David Lee by either stopping, or sounding a warning, and

   Fifth, defendant negligently failed to so stop, or sound a warning, and
   Sixth, as a direct result of such negligence, David Lee died.

2. MAI No. 17.15 Notes on Use 5. (1981) and MAI No. 20.01 Notes on Use 2. (1981) require the terms "negligently" and "negligence" to be defined. Plaintiffs selected the definition in MAI No. 11.03 and submitted it as Instruction No. 6:
   The term "negligent" or "negligence" as used in these instructions means the failure to use the highest degree of care. The phrase "highest degree of care" means that degree of care that a very careful and prudent person would use under the same or similar circumstances.
   We note parenthetically that the instruction fails to define "negligently," as required by MAI No. 17.15 Notes on Use 5. But again, neither that omission nor the correctness of choosing the instruction are before us on review.

*limited extent* around which there is a considerable population in cities or towns, or which is continuously used for access to shops, mines, industries, work camps, schools, or other similar places where a considerable number of people go regularly at certain times," *English v. Wabash Ry. Co.*, 108 S.W.2d 51, 57 (Mo.1937); and *see Cochran v. Thompson*, 148 S.W.2d 532, 535–36 (Mo.1941); at which defendant's right to expect a clear track would be deemed "waived." But even assuming the mishap occurred at such a place, defendant's duty could rise no higher than the exercise of *ordinary* care. The instruction imposing the *highest degree* of care was therefore error.

An instruction imposing upon a defendant a standard of care greater than that required by law is prejudicially erroneous and if reviewed on appeal mandates reversal. *See, e.g., Schneider v. Bi-State Development Agency*, 447 S.W.2d 788, 791 (Mo.App.1969). Accordingly, the trial court correctly set the verdict aside and ordered a new trial.

Claiming the evidence does not show the mishap occurred at a "place of *limited extent*" to which we alluded earlier, defendant argues that it had no duty to maintain any lookout for people on its track and that the trial court erred by overruling defendant's post-verdict motion for judgment in accordance with its motion for a directed verdict.

While the defendant may challenge the submissibility of the plaintiffs' case on the plaintiffs' appeal, *Brauch v. Melick*, 540 S.W.2d 153, 154 (Mo.App.1976), to do so it must appear in the record on appeal that it preserved the submissibility issue by moving for a directed verdict on that ground at the close of all the evidence. *Brandhorst v. Carondelet Sav. & Loan Ass'n*, 625 S.W.2d 696, 698 (Mo.App.1981); and *see Christ v. Tice*, 578 S.W.2d 319, 321–22 (Mo.App.1979). No such showing was made here. There is a trial court minute entry in the legal file that recites: "Written Motion for Deft. for a Directed Verdict at the close of all the evidence filed

and denied." The motion itself, however, is not in the record on appeal, nor can we determine from the record what the motion contained. We have nothing to review.

The trial court's order setting aside the verdict for plaintiffs and granting defendant a new trial is affirmed.

KAROHL, P.J., and REINHARD, J., concur.