Herschel DAVIDSON,
Plaintiff/Appellant,

v.

OTIS ELEVATOR COMPANY,
Defendant/Respondent.

No. 58960.

Missouri Court of Appeals,
Eastern District,
Division One.

June 18, 1991.

Rehearing Denied July 23, 1991.

James E. Lownsdale, Clayton, for plaintiff/appellant.

George F. Kosta, St. Louis, for defendant/respondent.

KAROHL, Judge.

Plaintiff, Herschel Davidson, sued defendant, Otis Elevator Company, alleging defendant breached a duty of care to inspect, test and repair a hydraulic line of a self-operating elevator. The elevator served a four-story building in which plaintiff worked as a custodian. Plaintiff entered the elevator on the second floor. It "plunged down" and came to a bouncing stop at the first floor. Plaintiff's verdict directing instruction submitted his claim of negligence on the doctrine of res ipsa loquitur. An instruction defining negligence was, therefore, mandatory. *Cunningham*

v. Hayes, 463 S.W.2d 555, 564–65 (Mo.App. 1971). Plaintiff offered and the court submitted an instruction, patterned after MAI 3d 11.03, which defined negligence and highest degree of care combined. Defendant promptly objected to the instruction on the basis that it submitted the wrong standard of care because defendant's legal duty should be measured in terms of ordinary care. *See* MAI 3d 11.07.

After a verdict for plaintiff, the trial court overruled defendant's motion for judgment n.o.v. but sustained defendant's motion for new trial. The court ruled it erred in giving and reading to the jury Instruction No. 6, MAI 3d 11.03, over defendant's strenuous objection because the instruction incorrectly stated the standard of care defendant owed plaintiff and the instruction was not supported by the evidence in the case. Plaintiff appeals the order granting defendant a new trial.[1] We affirm.

The only point on appeal is:

THE TRIAL COURT ERRED IN GRANTING A NEW TRIAL ON THE GROUNDS THAT INSTRUCTION 6, DEFINING NEGLIGENCE AS THE FAILURE TO EXERCISE THE DEGREE OF CARE THAT A VERY CAREFUL AND PRUDENT PERSON WOULD USE UNDER THE SAME OR SIMILAR CIRCUMSTANCES, WAS NOT PROPER, BECAUSE [DEFENDANT] SHOULD IN LAW AND FAIRNESS BE HELD TO THE DEGREE OF CARE OF A VERY CAREFUL AND PRUDENT PERSON UNDER THE CIRCUMSTANCES OF THIS CASE.

The law of Missouri does not recognize legal degrees of negligence. *Fowler v. Park Corp.*, 673 S.W.2d 749, 755 (Mo. banc 1984). A negligence claim is actionable for breach of the duty which causes injury to plaintiff. Negligence is defined in terms of degree of duty owed by defendant. We recognize a breach of duty of

1. Defendant's motion for new trial was untimely filed on August 24, 1990, more than fifteen days after entry of judgment on the jury verdict of August 8, 1990. Rule 78.04. However, the trial court sustained the motion on August 31, 1990, well within its thirty day period for control of judgments. Rule 75.01.

ordinary care, MAI 3d 11.02 I, 11.05 and 11.07, and of the highest degree of care, MAI 3d 11.02 II and 11.03. We also recognize a duty which is "flexible" when applied to a failure to use a degree of skill and learning ordinarily used by professionals. MAI 3d 11.06.

■ When plaintiff submits on the res ipsa loquitur theory, the appropriate definition of negligence must be submitted because "the doctrine has application as well under circumstances requiring more (but not less) than ordinary care—for instance, the highest degree of care." *Cunningham*, 463 S.W.2d at 564. In *Cunningham*, the court affirmed the award of a new trial in a case submitted on the theory of res ipsa loquitur where defendant's duty of care was not submitted. The court concluded that defendant's duty to plaintiff was one of ordinary care and the trial court erred in not submitting that standard and properly granted defendant a new trial.

We rephrase and interpret plaintiff's claim of error to be: the trial court properly submitted Instruction No. 6 which correctly defined negligence as the failure to use the highest degree of care, and defined highest degree of care in terms of "that degree of care that a very careful and prudent person would use under the same or similar circumstances." MAI 3d 11.03 first defines negligence and then defines highest degree of care. The point on appeal is an abbreviated summary of the instruction. However, the issue is the same. What is the legal duty of defendant elevator repair company?

The legal duty of a defendant whose activities include the repair of elevators has never been defined in Missouri in terms of highest degree of care. Plaintiff cites *Ward v. City National Bank and Trust Company of Kansas City*, 379 S.W.2d 614 (Mo.1964), and *Minden v. Otis Elevator Company*, 793 S.W.2d 461 (Mo.App.1990).

In *Ward*, defendant building owner filed a third party petition against a company that installed the elevator and a second company that repaired the elevator in its building. The jury found for plaintiff passenger against defendant owner and for defendant owner against both third party defendants. On appeal the court found "there was no evidence that anything [the repair company] did was not well done." *Ward*, 379 S.W.2d at 618. Hence, the court ruled there was no evidence to sustain a finding of negligence against the repair company and that a directed verdict for the repair company should have been sustained. *Id.* The court did not define the degree of duty in terms of ordinary or highest degree of care owed by third party defendant elevator repair company to defendant building owner or to a passenger. No definition was required where there was no breach of duty, however defined. The court took notice of a general rule "[t]hat in all cases in which any person undertakes the performance of an act which, if not done with care and skill, will be highly dangerous to the persons or the lives of one or more persons, known or unknown, the law, ipso facto, imposes as a public duty the obligation to exercise care and skill." *Id.* (citation omitted). Plaintiff argues this rule in support of submitting the duty of highest degree of care. This general statement is undoubtedly correct but not decisive of the degree of duty owed by defendant to plaintiff. Plaintiff's argument directed to the general rule is not helpful.

Plaintiff persists by arguing this court in *Minden*, 793 S.W.2d at 461 invoked the *Ward* rule. We cited *Ward* and observed that a company which installs a self-service elevator has a duty "to exercise a degree of care commensurate with the likelihood of persons being injured by reason of defects in the equipment or faulty construction." *Id.* at 463. We did not, however, hold the degree of care was either ordinary care or highest degree of care. Neither *Ward* nor *Minden* define the duty of an elevator repair company in those terms. *Ward* was decided before the adoption of Missouri Approved Instructions, *Minden* after. They are not controlling.

■ In the alternative, plaintiff argues the law *should* hold elevator repair companies to a highest degree of care standard for policy reasons. First, owners of eleva-

tors have been considered common carriers who owe passengers the highest degree of care. *McDermed v. Baker,* 20 S.W.2d 597 (Mo.App.1929); *Norman v. Thomas Emery's Sons Inc.,* 7 Ohio App.2d 41, 218 N.E.2d 480, 482 (1960). Plaintiff argues from this that those who repair elevators should be held to the same standard of care. We do not accept the proposition that the special duty assigned to common carriers should apply to maintenance and repair companies serving common carriers and, thereby, extend the categories of persons "obliged to use the 'highest' degree of care." *See Fowler,* 673 S.W.2d at 755. There are some foreign authorities in support of plaintiff's argument. *See Rosell v. Esco,* 549 So.2d 840, 843 n. 1 (La.1989). The fact that elevators have the potential to injure when they malfunction is insufficient in itself to hold an elevator repair company to a higher standard of care than persons who operate railroad switch engines. The weight of authority is that the latter are held to "ordinary care." *Fowler,* 673 S.W.2d at 755. The ordinary or due care standard has been applied generally to defendants engaged in repair activities. *See Harzfeld's, Inc. v. Otis Elevator Company,* 114 F.Supp. 480, 484 (W.D.Mo.1953).

"Generally, the standard of negligence [duty] is the requirement that the actor use ordinary skill and care." *Crowder v. Vandendeale,* 564 S.W.2d 879, 882 (Mo. banc 1978). "A duty to use ordinary care and skill is not imposed in the abstract." *Id.* "Whether a man's acts in a particular case constitutes [sic] negligence must be judged by the concomitant circumstances and his environment must be taken into account." *Tharp v. Monsees,* 327 S.W.2d 889, 893 (Mo. banc 1959). Furthermore, "ordinary care is a relative term, and its exercise requires precautions commensurate with the dangers to be reasonably anticipated under the circumstances." *Id.* Thus, we find the term "ordinary care" is broad enough in application to define the duty owed to a passenger by one who undertakes by contract to inspect, maintain and repair an elevator. The elevator maintenance company must take appropriate precautions in the performance of its contract commensurate with the reasonably anticipated danger that passengers will be injured if it does not properly inspect, maintain and repair the elevator. As applied "ordinary care" satisfies the required standard of care enunciated by our Supreme Court in *Ward* and this court in *Minden.*

Accordingly, the court properly determined Instruction No. 6 prejudicially imposed upon defendant a standard of care greater than required by law. The remedy of new trial was proper. *See Lee v. Terminal R.R. Ass'n,* 669 S.W.2d 564, 566 (Mo. App.1984).

We affirm.

PUDLOWSKI, P.J., and SIMON, J., concur.