[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
Plaintiff-appellants Debra Rene McAfee and Karen Williams were completing their shift at University Hospital Medical Center when they entered elevator number nine in order to proceed to the main level of the hospital and leave the premises. McAfee and Williams alleged that the elevator descended rapidly and came to an abrupt stop, jarring them and causing injuries. McAfee and Karen and Anthony Williams filed separate lawsuits in 1997, and then voluntarily dismissed the lawsuits after defendant-appellee Dover Elevator Company filed a motion for summary judgment. When the lawsuits were refiled in 1998, they were consolidated. Dover filed a renewed motion for summary judgment on April 30, 1999. The trial court granted summary judgment in favor of Dover against McAfee, the Williamses, and the Ohio Bureau of Workers' Compensation.[1] In their appeal, McAfee and the Williamses assert that the trial court erred in granting summary judgment in favor of Dover Elevator Company.[2] Because their assignment of error is not well taken, we affirm the judgment of the trial court.
The sole issue before the trial court in its consideration of Dover Elevator Company's motion for summary judgment — and the only issue being raised on appeal — was whether the doctrine of res ipsaloquitur applies in the instant case. The plaintiffs conceded to the trial court that they could not make out a prima facie case for negligence, but requested that the trial court invoke the rule of evidence known as res ipsa loquitur, from which negligence can be inferred based on the circumstances surrounding the injury in question.[3] In order for the rule to apply, McAfee and the Williamses needed to show that (1) "the instrumentality causing the injury was at the time of the injury or at the time of the creation of the condition causing the injury under the exclusive management and control of the defendant; and (2) the injury occurred under such circumstances that, in the ordinary course of events, it would not have occurred if ordinary care had been observed."[4] The trial court ruled that neither exclusive control over the elevator nor a breach of ordinary care could be shown with respect to Dover Elevator Company.
We agree with the trial court's conclusion that the application of the doctrine of res ipsa loquitur
was not warranted in this situation. Dover had a maintenance contract with University Hospital to service its elevators, and this contract extended to the elevator on which the plaintiffs alleged they were injured. However, the evidence showed that University Hospital had access to the elevators for, among other things, bi-monthy testing of their operation under emergency power. Although Dover exercised some control over the elevators, it was by no means the type of exclusive control required for the application of res ipsa loquitur. Ohio courts have repeatedly refused to apply the doctrine to elevator-maintenance companies that lack ownership or management control over the premises on which the elevators are located.[5]
In addition to its failure to show exclusive control by Dover over the elevator, the evidence adduced did not support the conclusion that the alleged injuries could only have occurred in the absence of ordinary care. Dover presented evidence that a power outage had occurred at exactly the same time that the elevator on which McAfee and Williams were riding was alleged to have dropped too rapidly and come to an abrupt stop. Additional evidence was presented that no repairs to the elevator were required, and that a subsequent inspection of the elevator did not reveal any malfunction. In short, McAfee and the Willimases failed to put forth any evidence establishing a basis for negligence on the part of Dover. Under these circumstances, the trial court correctly held the doctrine of res ipsa loquitur
inapplicable.[6]
Accordingly, we hold that McAfee and the Williamses have failed to present any genuine issues of material fact and that summary judgment in favor of Dover Elevator Company is appropriate.[7]
Therefore, the judgment of the trial court is affirmed.
 ______________________________ DOAN, PRESIDING JUDGE
 PAINTER and SUNDERMANN, JJ.
[1] The Ohio Bureau of Workers' Compensation is not a party to this appeal.
[2] McAfee and Karen and Anthony Williams filed separate appeals, which have been consolidated before this court.
[3] Jennings Buick, Inc. v. Cincinnati (1980), 63 Ohio St.2d 167,169, 406 N.E.2d 1385, 1387.
[4] Hake v. Wiedemann Brewing Co. (1970), 23 Ohio St.2d 65, 66,262 N.E.2d 703, 705; Schillo v. G. Services, Inc. (July 31, 1997), Cuyahoga App. No. 71813, unreported.
[5] Norman v. Thomas Emery's Sons, Inc. (1966), 7 Ohio App.2d 41,218 N.E.2d 480; Koepfler v. CRI, Inc. (Mar. 27, 1998), Hamilton App. No. C-970333, unreported; Wallace v. General Elevator Co.,Inc. (Jan. 25, 1994), Jefferson App. No. 92-J-25, unreported.
[6] Lovsin v. J.C. Penney Company, Inc. (May 9, 1996), Cuyahoga App. No. 69520, unreported.
[7] Civ.R. 56; Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 570 N.E.2d 1095, modified on other grounds by Dresherv. Burt (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.